T.C. Memo. 2006-180

UNITED STATES TAX COURT

KHEN T. HUYNH, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24719-04.                    Filed August 29, 2006.

Khen T. Huynh, pro se.

Michael S. Hensley, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

SWIFT, Judge:  Petitioner seeks review of respondent's notices of determination denying petitioner relief under section 6015 from joint liability for tax deficiencies for 1996 and 1997 of $1,552 and $1,515, respectively.  Respondent's determinations as to the deficiencies were sustained in a final decision in Huynh v. Commissioner, T.C. Summary Opinion 2001-131.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue.

The issue for decision is whether petitioner under section 6015(g)(2) is barred from obtaining relief from joint liability for the tax deficiencies which were sustained in Huynh v. Commissioner, supra.

                    FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

At the time the petition was filed, petitioner resided in San Diego, California.

From 1979 through 1997, petitioner worked for the County of San Diego Department of Social Services as an eligibility technician, reviewing the eligibility of those seeking social service benefits. Petitioner speaks and reads English.

In May of 1996, petitioner's husband (Hong), who apparently possesses numerous college and graduate degrees, including a law degree, was laid off from his job. Hong had purchased insurance coverage which provided, among other things, that in the event Hong became unemployed the insurers would make payments on some portion of the outstanding balance due on his 11 credit cards.

When Hong became unemployed, the insurers began making monthly payments on his credit cards. At the end of 1996, Hong's credit cards reflected a total outstanding balance of $91,333.

In 1996 and 1997, the insurers paid $9,719 and $9,631, respectively, to the credit card companies on Hong's behalf.

For 1996 and 1997, petitioner prepared her and Hong's joint Federal income tax returns. On their tax returns, petitioner and Hong, apparently under the impression that these amounts did not constitute taxable income, did not report the above insurance payments that had been made on Hong's behalf.

Upon audit for 1996 and 1997, respondent determined that the insurance payments constituted taxable income. In connection with respondent's audit, Hong explained to petitioner that respondent's adjustments were related to the taxability of the insurance payments made on his behalf.

On December 15, 1998, and October 13, 1999, respectively, respondent's notices of deficiency relating to petitioner and Hong's 1996 and 1997 joint Federal income tax returns were mailed to petitioner and Hong.

With regard to the notice of deficiency for each year, petitioner and Hong jointly filed petitions with the Tax Court to redetermine the deficiencies, and petitioner read and signed both petitions. The two cases were consolidated for trial.

Prior to the trial, petitioner and Hong attended meetings with respondent's Appeals Office and meetings with counsel for respondent. Petitioner spoke and participated in these meetings, and petitioner signed various documents including a stipulation

of settled issues, a power of attorney, and stipulations of facts.

At the trial in Huynh v. Commissioner, supra, petitioner testified and stated that she knew that Hong had credit card insurance to cover a portion of his credit card debt if he should become unemployed and that in 1996 and 1997 she knew Hong was unemployed. Petitioner also signed a trial brief, a reply brief, and a motion for leave to file a reply brief.

On August 30, 2001, the Tax Court filed its opinion in Huynh, sustaining respondent's tax deficiencies against petitioner and Hong.

In March and April of 2002, petitioner requested section 6015 relief from joint liability for 1996 and 1997 with regard to the above tax deficiencies that had been sustained by the Court. Respondent denied petitioner's claims for section 6015 relief, and petitioner filed the instant action.

OPINION

Spouses filing joint Federal income tax returns generally are jointly liable for all taxes due. Sec. 6013(d)(3). However, under certain circumstances, a spouse may be relieved of liability on a joint return. Sec. 6015.

Even after a final opinion has been filed by a court in litigation involving joint filers' Federal income tax liability, the opinion may not be conclusive with respect to a requesting

spouse where section 6015 relief was not an issue in the court litigation. Sec. 6015(g)(2). The requesting spouse shall be barred from obtaining section 6015 relief, however, if the court determines that he or she participated meaningfully in the prior litigation. Id.; see Thurner v. Commissioner, 121 T.C. 43, 51-52 (2003); Vetrano v. Commissioner, 116 T.C. 272, 278 (2001); sec. 1.6015-1(e), Income Tax Regs.

Under section 6015(g)(2), the requesting spouse bears the burden of proof to show, by a preponderance of the evidence, that he or she did not meaningfully participate in the prior litigation. Monsour v. Commissioner, T.C. Memo. 2004-190.

Generally, where a court of competent jurisdiction enters a final judgment on the merits of a cause of action, the parties in the prior litigation are bound by every matter that was or that could have been offered and received to sustain or defeat the claim. Commissioner v. Sunnen, 333 U.S. 591, 597 (1948). Section 6015(g)(2), however, modifies this common law doctrine of res judicata with regard to claims under section 6015 for relief from joint liability.

Court cases have not yet clearly defined "meaningful participation" in all respects, although we have indicated that "merely [complying]" with a spouse's instructions to sign various pleadings and other documents filed in prior litigation is not conclusive of meaningful participation, Thurner v. Commissioner,

supra at 53, but signing court documents and participating in settlement negotiations are indicators of meaningful participation; id.; Monsour v. Commissioner, supra.

In Trent v. Commissioner, T.C. Memo. 2002-285, we suggested that a taxpayer who participated in meetings with an Appeals officer and who voluntarily signed a decision document generally would be regarded as having participated meaningfully, regardless of whether the taxpayer was represented by counsel.[1]

The legislative history of section 6015 does not provide any significant guidance as to the definition of "meaningful participation."

Petitioner argues that she did not meaningfully participate in Huynh v. Commissioner, T.C. Summary Opinion 2001-131. She claims that during the litigation in Huynh she had only minimal knowledge of the underlying basis for the tax deficiencies, that she signed various administrative and Court documents merely under Hong's direction, and that her testimony therein consisted solely of "nervous" responses to the Court's "leading questions".

Respondent counters that petitioner could have raised the instant issue of relief from joint liability in Huynh and that petitioner's ability to read and understand the documents she signed, her participation in the pretrial meetings, and her

---

[1] It may be noted that the effective date of sec. 6015 is not a mitigating factor in the present case, as it was in Trent v. Commissioner, T.C. Memo. 2002-285.

testimony at trial all indicate that petitioner participated meaningfully.

We agree with respondent. In <u>Huynh</u>, petitioner signed all documents, participated in pretrial preparations and settlement negotiations, and testified at trial.

Petitioner may have signed some documents under the direction of Hong. Petitioner, however, reads English. She prepared her and Hong's joint Federal income tax returns. She was present at meetings with respondent's Appeals Office, as well as at pretrial meetings with respondent's counsel, and at trial.

In <u>Huynh</u>, petitioner was not formally represented by counsel. Hong, however, has a law degree, and petitioner has introduced no evidence that Hong did not allow her the opportunity to raise therein her innocent spouse claim.

We conclude that petitioner meaningfully participated in <u>Huynh</u> and that petitioner therefore is barred under section 6015(g)(2) from obtaining any relief from joint liability for 1996 and 1997.

For the reasons stated, we shall sustain respondent's determination to deny relief from joint liability.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.