**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Scott P. THURNER and Yvonne
E. Thurner, Defendants–
Appellants.**

**No. 00–3574.**

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 17, 2001 *.

Decided Oct. 17, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before Hon. CUDAHY, Hon. RIPPLE, Hon. WILLIAMS, Circuit Judges.

## ORDER

The government brought suit against taxpayers Scott and Yvonne Thurner under 26 U.S.C. § 7403 to reduce to judgment unpaid assessments for tax, penalties, and interest. The district court granted summary judgment for the government, and the Thurners appeal. We affirm.

For some years now the Internal Revenue Service has been seeking to collect from the Thurners unpaid taxes for 1981, 1990, and 1992. For tax year 1981 the IRS had issued the Thurners a notice of deficiency that the Thurners challenged without success in the Tax Court. *See Thurner v. Comm'r,* 60 T.C.M. (CCH) 961 (1990). For tax year 1990 the IRS determined the outstanding liability by looking to the Thurners' income tax return, which reported a liability that was not paid. And for tax year 1991 the IRS conducted an audit to determine the deficiency. After including interest and penalties, the amount owed by the Thurners totaled $2.9 million, although the IRS successfully collected almost $1.7 million of that amount. The government then filed suit in January 2000 to obtain a judgment for the balance.

In March 2000, after the Thurners had objected to subject matter jurisdiction and filed various motions challenging the collection action, the government moved for summary judgment. Attached to the government's motion were IRS certified transcripts of account that were offered to establish the amounts of the assessments subject to collection. In urging the district court to enter judgment in its favor, the government argued that these IRS records were prima facie evidence of the Thurners' liabilities, and that absent contrary evidence from the taxpayers the transcripts of account should be deemed conclusive. The Thurners filed a response to the government's motion for summary judgment, but in their response they did not dispute liability for, or even the amount of, the unpaid assessments but instead principally asserted that the IRS transcripts of account should be deemed inadmissible. The district court rejected this contention and granted summary judgment for the government.

On appeal the Thurners assert a host of arguments challenging the grant of summary judgment, only one of which merits discussion. As they did in the district court, the Thurners contend that the certified transcripts proffered by the government are inadmissible because they lack the required foundation. We held in *United States v. Ryan,* 969 F.2d 238 (7th Cir. 1992), however, that such records are self-authenticating. This argument is there-

fore unavailing; the Thurners's remaining arguments are frivolous.

The district court's judgment is AFFIRMED. IT IS ORDERED that the government's motion for sanctions is GRANTED. Appellants Scott and Yvonne Thurner are ordered to remit $2000 to the Clerk of this court within 14 days of the date of this order as a sanction for prosecuting this frivolous appeal. *See* Fed. R.App. P. 38; *Cohn v. Commissioner,* 101 F.3d 486, 487 (7th Cir.1996).