121 T.C. No. 3

UNITED STATES TAX COURT

YVONNE E. THURNER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

SCOTT P. THURNER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 9971-01, 3586-02.          Filed July 11, 2003.

On Jan. 30, 1991, the Court entered a decision in
docket No. 8407-87 redetermining Ps' joint tax
liabilities for 1980 and 1981.  In June 1991, R
assessed the taxes, additions to tax, and increased
interest as set forth in the above-referenced decision.
Ps' joint tax liability for 1980 was fully paid as of
May 4, 1992.  A portion of Ps' joint tax liability for
1981 remained unpaid as of the dates the petitions were
filed in these cases.

On Dec. 2, 1991, Ps filed a joint Federal income
tax return for 1990 reporting tax due.  No remittance
was made with this return.  Ps submitted a delinquent
joint return for 1992, and R made adjustments to this
return.  R subsequently assessed taxes and penalties
due from Ps for 1990 and 1992.

On Jan. 7, 2000, the United States brought an action against Ps in Federal District Court to reduce to judgment their unpaid assessments for 1981, 1990, and 1992. Ps raised only frivolous arguments in this proceeding. Both Ps executed the pertinent documents filed in the District Court action. Neither P asserted in the District Court action an entitlement to relief from joint and several liability pursuant to sec. 6015, I.R.C. On Aug. 11, 2000, the District Court granted the Government's motion for summary judgment and entered a judgment against Ps in the amounts of the unpaid assessments for 1981, 1990, and 1992. The District Court's judgment was affirmed on appeal and became final.

In 2001, Ps filed separate elections with R claiming relief from joint and several liability under sec. 6015, I.R.C. R did not respond to Ps' elections. Ps then filed with the Court separate petitions for determination of relief from joint and several liability for 1980, 1981, 1990, and 1992. R filed a motion for summary judgment in each case.

Held: R's motions for summary judgment are granted in that Ps cannot claim relief under sec. 6015, I.R.C., for 1980 inasmuch as their joint tax liability for that year was fully paid prior to the effective date of sec. 6015, I.R.C. Held, further, R's motion for summary judgment as to P-H is granted as to the taxable years 1981, 1990, and 1992 in that P-H "participated meaningfully" in the District Court collection action, and, therefore, P-H's claims are barred under the doctrine of res judicata as delineated in sec. 6015(g)(2), I.R.C. Held, further, R's motion for summary judgment as to P-W is denied as to the taxable years 1981, 1990, and 1992 in that the question whether P-W "participated meaningfully" in the District Court collection action presents a material issue of fact.

Yvonne E. Thurner, pro se in docket No. 9971-01.

Scott P. Thurner, pro se in docket No. 3586-02.

James M. Klein, Mark J. Miller, and Charles Hall, for respondent.

OPINION

COHEN, Judge: This case was assigned to Chief Special Trial Judge Peter J. Panuthos, pursuant to the provisions of section 7443A(b)(5) and Rules 180, 181, and 183.[1]  The Court agrees with and adopts the opinion of the Chief Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, Chief Special Trial Judge:  These consolidated cases are before the Court on respondent's Motions for Summary Judgment, as supplemented, filed pursuant to Rule 121.  As explained in detail below, we shall grant respondent's Motion for Summary Judgment, as supplemented, as to petitioner Scott P. Thurner, and grant respondent partial summary judgment as to petitioner Yvonne E. Thurner.

---

[1]  Section references are to sections of the Internal Revenue Code, as amended, and Rule references are to the Tax Court Rules of Practice and Procedure.

Background

The record establishes and/or the parties do not dispute the following facts. Petitioner Yvonne E. Thurner and petitioner Scott P. Thurner (petitioners) are husband and wife. At the time the petitions were filed, petitioners resided in Elm Grove, Wisconsin.

A. Taxable Years 1980 and 1981

Petitioners filed joint Federal income tax returns for 1980 and 1981. Respondent subsequently determined deficiencies of $351,855 and $512,052 in petitioners' Federal income taxes for 1980 and 1981, respectively. Respondent also determined that petitioners were liable for additions to tax for negligence under section 6653(a) and increased interest under section 6621(c) for 1980 and 1981. Petitioners challenged respondent's determinations in a petition filed with the Court at docket No. 8407-87.

In Thurner v. Commissioner, T.C. Memo. 1990-529, we sustained (with minor adjustments) respondent's determinations for 1980 and 1981. The Court entered its decision in docket No. 8407-87 on January 30, 1991, and no appeal was filed.

In June 1991, respondent assessed the deficiencies, additions to tax, and increased interest as redetermined by the Court in Thurner v. Commissioner, supra. Shortly thereafter, respondent began collection activities. Petitioners' tax

liability for 1980 was fully paid as of May 4, 1992.  Although respondent collected a portion of petitioners' taxes for 1981, their tax liability for that year was not fully paid as of the dates the petitions were filed in the instant cases.

B.  Taxable Years 1990 and 1992

On December 2, 1991, petitioners filed a joint Federal income tax return for 1990 reporting tax due in the amount of $217,475.  Petitioners failed to remit with their return the amount reported to be due.  On December 2, 1991, respondent assessed the tax that petitioners reported due for 1990 and statutory interest.  Sec. 6201(a)(1).

Petitioners submitted to respondent a delinquent joint tax return for 1992.  Respondent reviewed the return and determined, pursuant to the so-called math error provisions of section 6213(b), that petitioners were liable for tax in the amount of $75,532, as well as for penalties and interest.  On April 28, 1997, respondent assessed such tax, penalties, and interest for 1992.

C.  Collection Litigation

On January 7, 2000, the United States filed suit against petitioners in the United States District Court for the Eastern District of Wisconsin (docket No. 00-C-0082) to reduce to judgment the unpaid assessments entered against petitioners for the taxable years 1981, 1990, and 1992.  (For convenience, we

will refer to the United States District Court for the Eastern District of Wisconsin as the District Court and the aforementioned proceeding as the District Court collection action.) The records in the instant cases include copies of various documents that petitioners filed in the District Court collection action. These documents reflect that petitioners, prosecuting the case pro sese, raised only frivolous and groundless arguments. Both petitioners signed the documents filed with the District Court. Neither petitioner asserted in the District Court collection action an entitlement to relief from joint and several liability under section 6015.

On August 11, 2000, the District Court granted the Government's motion for summary judgment and entered a judgment in favor of the United States for unpaid assessed balances for the taxable years 1981, 1990, and 1992 in the amounts of $1,924,000.19, $537,514.10, and $193,618.56, respectively. Petitioners filed an appeal with the Court of Appeals for the Seventh Circuit. The Court of Appeals affirmed the District Court's judgment and granted the Government's motion for sanctions against petitioners for prosecuting a frivolous appeal. United States v. Thurner, 21 Fed. Appx. 477 (7th Cir. 2001). The Supreme Court later denied petitioners' petition for writ of certiorari.

D.  Forms 8857

On December 21, 2000, petitioner Yvonne E. Thurner filed with respondent Form 8857, Request for Innocent Spouse Relief, requesting relief from joint and several liability under section 6015 with regard to the taxable years 1980, 1981, 1990, and 1992. On August 2, 2001, petitioner Scott P. Thurner filed with respondent Form 8857 requesting relief from joint and several liability under section 6015 with regard to the taxable years 1980, 1981, 1990, and 1992.  Respondent did not respond to petitioners' claims for relief from joint and several liability.

E.  Petitions

On August 10, 2001, petitioner Yvonne E. Thurner filed with the Court a petition for determination of relief from joint and several liability on a joint return with regard to her tax liabilities for 1980, 1981, 1990, and 1992.  On February 15, 2002, petitioner Scott P. Thurner filed with the Court a petition for determination of relief from joint and several liability on a joint return with regard to his tax liabilities for 1980, 1981, 1990, and 1992.  Although the petitions are not entirely clear, it appears that petitioners claim that they are entitled to relief under section 6015(b) and (f).[2]

---

[2]  The record indicates that, at the time the petitions were filed in these cases, petitioners were not divorced or legally separated and that petitioners continued to live together. Therefore, petitioners would not qualify for relief from joint and several liability under sec. 6015(c).

F.  Respondent's Motions for Summary Judgment

As indicated, respondent maintains that he is entitled to judgment in these cases as a matter of law.  Respondent avers that petitioners are not eligible for relief from joint and several liability under section 6015 for 1980 because their taxes for that year were paid in full as of May 4, 1992--a date prior to the effective date of section 6015.  Respondent also contends that petitioners are barred from claiming relief from joint and several liability for the taxable years 1981, 1990, and 1992 under the doctrine of res judicata.  In particular, respondent asserts that petitioners' claims are barred because they failed to raise such claims in the earlier District Court collection action.

Petitioners filed Objections to respondent's Motions for Summary Judgment.  Both petitioners submitted affidavits along with their Objections.  Petitioner Scott P. Thurner's affidavit states in pertinent part:

> 2.  All matters in any way relating to the disputes between my family and the Internal Revenue Service, prior to my wife's decision to pursue Innocent Spouse Relief, was handled exclusively by myself.
>
> * * * * * * *
>
> 7.  The only thing my wife did during the * * * [District Court collection action] was to sign the necessary documents in the places that I directed her to sign.

Consistent with these statements, petitioner Yvonne E. Thurner's affidavit states that, prior to the time she claimed relief from joint and several liability under section 6015, all of the family's tax matters were handled exclusively by her husband.

Pursuant to notice, these cases were called for hearing at the Court's motions session in Washington, D.C. Following the hearing, respondent filed supplements to his motions describing the bases for the assessments entered against petitioners for 1990 and 1992 and providing transcripts of account for the years in issue.

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. See Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that there is no genuine issue

of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment.  See Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

A.  Section 6015

Spouses filing joint Federal income tax returns generally are jointly and severally liable for all taxes due.  Sec. 6013(d)(3).  However, under certain circumstances, section 6015 provides that a spouse may be relieved from joint and several liability on a joint return.

Section 6015 was enacted as part of the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. 105-206, sec. 3201(a), 112 Stat. 685, 734.  Section 6015 applies to any liability for tax arising after July 22, 1998, and to any liability for tax arising on or before July 22, 1998, but remaining unpaid as of such date.  RRA 1998 sec. 3201(g), 112 Stat. 740.  Section 6015 is not applicable if the tax was paid in full on or before July 22, 1998.  Washington v. Commissioner, 120 T.C. 137, 155 (2003).

Broadly stated, section 6015(b) provides procedures for relief from liability applicable to all joint filers; section 6015(c) provides procedures to limit liability for taxpayers who filed a joint return but are no longer married, are legally separated, or are not living together; and section 6015(f)

provides for equitable relief in cases where relief is not available to a taxpayer under section 6015(b) or (c).

Petitioners invoked the Court's jurisdiction in these cases under section 6015(e)(1)(A)(i)(II). The latter provision permits a taxpayer to file a petition with the Court if 6 months have elapsed since the taxpayer filed his or her election for relief with the Commissioner and the Commissioner has not issued a final determination granting or denying relief.

B. <u>Taxable Year 1980</u>

RRA 1998 sec. 3201(g), 112 Stat. 740, states in unambiguous terms that relief under section 6015 is available only with respect to any liability for tax arising after July 22, 1998, and any liability for tax arising on or before July 22, 1998, but remaining unpaid as of such date. There is no dispute that petitioners' tax liability for 1980 arose before July 22, 1998, and that such liability was fully paid before that date. Consequently, we hold that respondent is entitled to judgment as a matter of law that petitioners are not eligible for relief under section 6015 with regard to their tax liability for 1980. See <u>Washington v. Commissioner</u>, <u>supra</u>.

C. <u>Taxable Years 1981, 1990, and 1992</u>

The judicial doctrine of res judicata provides that, when a court of competent jurisdiction enters a final judgment on the merits of a cause of action, the parties to the action are bound

by every matter that was or could have been offered and received to sustain or defeat the claim.  <u>Commissioner v. Sunnen</u>, 333 U.S. 591, 597 (1948); see <u>Gustafson v. Commissioner</u>, 97 T.C. 85, 91 (1991); <u>Wooten v. Commissioner</u>, T.C. Memo. 2003-113.  The doctrine of res judicata "serves to promote judicial economy and the repose of disputes" by avoiding repetitious lawsuits. <u>Gustafson v. Commissioner</u>, <u>supra</u> at 91.  Because Federal income taxes are determined on an annual basis, each year is a separate cause of action, and res judicata is applied to bar subsequent proceedings involving the same tax year.  <u>Commissioner v. Sunnen</u>, <u>supra</u> at 597-598; <u>Calcutt v. Commissioner</u>, 91 T.C. 14, 21 (1988).

Section 6015(g)(2) modifies the common law doctrine of res judicata with regard to claims for relief from joint and several liability.  Section 6015(g)(2)[3] provides in pertinent part:

SEC. 6015(g).  Credits and Refunds.--

\*  \*  \*  \*  \*  \*  \*

(2) Res judicata.--In the case of any election under subsection (b) or (c), if a decision of a court in any prior proceeding for the same taxable year has become final, such decision shall be conclusive except with respect to the qualification of the individual for relief which was not an issue in such proceeding.  The exception contained in the preceding sentence shall not

---

[3] Sec. 313(a)(2)(A) of the Consolidated Appropriations Act of 2001, Pub. L. 106-554, 114 Stat. 2763A-640 (2000), redesignated former subsec. (g) as subsec. (h) and inserted after subsec. (f) a new subsec. (g) (as quoted above).  For a more detailed discussion of the legislative history of sec. 6015(g)(2), see <u>Vetrano v. Commissioner</u>, 116 T.C. 272, 280 (2001).

apply if the court determines that the individual participated meaningfully in such prior proceeding.

As we pointed out in <u>Vetrano v. Commissioner</u>, 116 T.C. 272, 280 (2001), under common law principles of res judicata, a taxpayer who was a party to a prior proceeding for the same taxable year would be barred from seeking relief from joint and several liability whether or not the claim had been raised as an issue in the prior proceeding. Section 6015(g)(2) alters that result by providing:

> an individual cannot make an election under section 6015(b) or (c) for any taxable year that is the subject of a final court decision, unless the individual's qualification for relief under section 6015(b) or (c) was not an issue in the prior court proceeding and the individual did not participate meaningfully in the prior proceeding. * * * [<u>Vetrano v. Commissioner</u>, <u>supra</u> at 278.]

Petitioners assert that respondent's reliance on the doctrine of res judicata in these cases is misplaced. First, petitioners maintain that section 6015(g)(2) expressly limits the application of res judicata to claims for relief under section 6015(b) and (c), and, therefore, they are not barred from asserting that they are entitled to equitable relief under subsection (f). Second, petitioners argue that respondent has failed to prove that petitioners (particularly petitioner Yvonne E. Thurner) participated meaningfully in the District Court collection action within the meaning of section 6015(g)(2).

Contrary to petitioners' initial argument, we conclude that a claim for equitable relief under section 6015(f) is subject to the application of the doctrine of res judicata as delineated in section 6015(g)(2).  In <u>Fernandez v. Commissioner</u>, 114 T.C. 324, 330-331 (2000), in the context of a discussion regarding our jurisdiction to review claims for equitable relief under section 6015(f), we observed:

> Section 6015(f) provides an additional opportunity for relief to those taxpayers who do not otherwise meet the requirements of subsection (b) or (c). Specifically, section 6015(f) provides that if, taking into account all the facts and circumstances, it is inequitable to hold the individual liable for any unpaid tax or any deficiency (or any portion of either), and relief is not available to such individual under subsection (b) or (c), the Secretary may relieve such individual of such liability. Section 6015(f) does not require an affirmative election for relief as do subsections (b) and (c). We interpret this to mean that section 6015(f) provides an additional opportunity for relief to those individuals who elect relief under subsection (b) or (c) but do not meet one or more of the respective requirements of those subsections. In fact, a prerequisite for relief under section 6015(f) is that relief is not available under section 6015(b) or (c). See sec. 6015(f)(2). * * *

Consistent with the foregoing, a claim for equitable relief under section 6015(f) is subordinate and ancillary to a claim for relief under section 6015(b) or (c).  Given the secondary nature of such claims, an express reference in subsection (g)(2) to a claim for equitable relief under section 6015(f) is not necessary to bring those claims within the purview of subsection (g)(2). Simply put, as a subordinate and ancillary claim, a claim for

equitable relief under section 6015(f) is subject to the same standards for the application of the doctrine of res judicata that Congress imposed under section 6015(g)(2) with respect to claims for relief under section 6015(b) and (c).[4]

There is no dispute that the traditional prerequisites for the application of the doctrine of res judicata are present in these cases. As previously mentioned, petitioners were parties to the District Court collection action brought by the Government to reduce to judgment petitioners' unpaid assessments for the taxable years 1981, 1990, and 1992. The District Court is a court of competent jurisdiction with regard to such collection actions. Sec. 7402. The District Court collection action was initiated on January 7, 2000, well after the July 22, 1998, effective date of section 6015. Thus, petitioners could have (but did not) raise their claims for relief from joint and several liability under section 6015 as a defense in the District Court collection action. Cf. United States v. Shanbaum, 10 F.3d 305, 313-314 (5th Cir. 1994). The District Court's decision granting the Government's Motion for Summary Judgment, a decision

---

[4] For the sake of completeness, we note that the Secretary published regulations, applicable to all elections or requests for relief filed on or after July 18, 2002, in which the Secretary appears to take the position that claims for equitable relief under sec. 6015(f) are subject to the application of the doctrine of res judicata under sec. 6015(g)(2). See secs. 1.6015-1(e), (h)(1) and 1.6015-4, Income Tax Regs., 67 Fed. Reg. 47285, 47286 (July 18, 2002).

on the merits, was affirmed on appeal and is now final.  See

Kunkes v. United States, 78 F.3d 1549, 1550 n.2 (Fed. Cir. 1996);

Hubicki v. ACF Indus., Inc., 484 F.2d 519, 524 (3d Cir. 1973).

Petitioners nevertheless contend that respondent cannot rely on the doctrine of res judicata because the question whether petitioners "participated meaningfully" in the District Court collection action, within the meaning of section 6015(g)(2), presents a material issue of fact.  We note a subtle divergence in petitioners' positions on this point.  Specifically, while petitioner Scott P. Thurner contends in very general terms that respondent failed to satisfy his burden of proving that there is no dispute as to a material fact, petitioner Yvonne E. Thurner goes a step further and alleges that she did not participate meaningfully in the District Court collection action inasmuch as she simply complied with her husband's instructions to sign the pleadings and various other documents that were filed with the District Court.

The record clearly establishes that petitioner Scott P. Thurner participated meaningfully in the District Court collection action.  The documents that petitioners filed in the District Court collection action were signed by both petitioners and amply demonstrate that petitioner Scott P. Thurner was fully engaged in that proceeding.  In addition, petitioner Scott P. Thurner acknowledged in the affidavit attached to his Objection

that he maintained exclusive control over all tax matters including the handling of the District Court collection action. Accordingly, we hold that respondent is entitled to summary judgment that petitioner Scott P. Thurner is barred under section 6015(g)(2) from claiming relief under section 6015 for the years 1981, 1990, and 1992.

In contrast, we are unable to conclude on this record that petitioner Yvonne E. Thurner participated meaningfully in the District Court collection action. Petitioner Yvonne E. Thurner's assertion that she merely complied with her husband's instructions to sign the pleadings and various other documents that were filed in the District Court collection action raises an issue of material fact as to her level of participation in that proceeding. Under the circumstances, drawing factual inferences in a manner most favorable to the party opposing summary judgment, see Dahlstrom v. Commissioner, 85 T.C. at 821, we conclude that respondent is not entitled to summary judgment that petitioner Yvonne E. Thurner is barred from claiming relief under section 6015 for the years 1981, 1990, and 1992. The question of the applicability of the bar of res judicata under section 6015(g)(2) as to petitioner Yvonne E. Thurner can be resolved only after further development of the record through discovery or trial of the case.

Conclusion

Petitioners are not entitled to relief under section 6015 with regard to the taxable year 1980 because their taxes for that year were fully paid prior to the effective date of section 6015. In addition, petitioner Scott P. Thurner is not entitled to relief under section 6015 with regard to the taxable years 1981, 1990, and 1992 due to the application of the doctrine of res judicata as set forth in section 6015(g)(2).

To reflect the foregoing,

An Order and Decision will be entered in docket No. 3586-02 granting respondent's Motion for Summary Judgment, as supplemented, and an appropriate Order will be issued in docket No. 9971-01.