T.C. Memo. 2004-243

UNITED STATES TAX COURT

THOMAS F. NOONS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15052-02.          Filed October 26, 2004.

James A. Cerks, for petitioner.

Susan M. Pinner, for respondent.

MEMORANDUM OPINION

DAWSON, Judge:  This case was assigned to Special Trial
Judge Robert N. Armen, Jr., pursuant to the provisions of section
7443A(b)(5) and Rules 180, 181, and 183.[1]  The Court agrees with
and adopts the opinion of the Special Trial Judge, which is set
forth below.

_____

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code of 1986, as amended, and all Rule
references are to the Tax Court Rules of Practice and Procedure.

OPINION OF THE SPECIAL TRIAL JUDGE

ARMEN, Special Trial Judge: This matter is before the Court on respondent's motion for summary judgment filed pursuant to Rule 121. The parties agree that there is no dispute as to any material fact. Respondent contends that his determination denying petitioner's request for relief from joint and several liability should be sustained as a matter of law.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); see Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985).

As explained in detail below, there is no genuine issue as to any material fact, and a decision may be rendered as a matter of law. Accordingly, we shall grant respondent's motion for summary judgment.

## Background

The record establishes and/or the parties do not dispute the following facts:

Petitioner filed a joint Federal income tax return with his former wife, Toyia A. Pena (formerly known as Toyia A. Noons) (Ms. Pena), for the taxable year 1993.

On March 19, 1998, respondent issued a notice of deficiency to petitioner and Ms. Pena for the taxable year 1993.[2] In the notice of deficiency, respondent determined a deficiency in Federal income tax and an addition to tax for the taxable year 1993 in the amounts of $35,080 and $2,490, respectively.

On June 22, 1998, petitioner and Ms. Pena commenced a case in this Court at docket No. 11163-98 challenging respondent's deficiency determinations, which case was tried to the Court on May 17, 1999, in Houston, Texas (prior proceeding). Petitioner and Ms. Pena were represented at trial in the prior proceeding by James A. Cerks.[3] At that trial, petitioner testified as the only witness. In Noons v. Commissioner, T.C. Memo. 2000-106, the Court sustained respondent's deficiency determinations, and we entered decision on March 29, 2000. Petitioner and Ms. Pena did not appeal, and our decision became final on June 27, 2000.

_____

[2]When respondent issued the notice, petitioner and Ms. Pena were already divorced.

[3]Mr. Cerks is also representing petitioner in the instant case.

Secs. 7481(a)(1), 7483. At no time during the prior proceeding did petitioner assert a claim for relief from joint and several liability.

On January 6, 2001, petitioner filed with respondent Form 8857, Request for Innocent Spouse Relief (And Separation of Liability and Equitable Relief), with respect to the taxable year 1993. Petitioner attached to Form 8857 a copy of his and Ms. Pena's divorce decree upon which decree he claims that he is entitled to relief from liability under section 6015.

On June 19, 2002, respondent issued to petitioner a final notice of determination denying petitioner's claim for relief under section 6015(b), (c), and (f).

Petitioner timely filed with the Court a petition for determination of relief from joint and several liability for the taxable year 1993.[4]

Respondent filed a motion for summary judgment on the ground that section 6015(g)(2) bars petitioner from relief under section 6015. Petitioner filed an objection to respondent's motion alleging, inter alia, that section 6015(g)(2) does not apply in the instant case to preclude him from claiming relief under

---

[4]At the time that the petition was filed, petitioner resided in Houston, Texas.

section 6015(f).[5]  Pursuant to notice, this matter was called for hearing at the Court's trial session in Houston, Texas.  Counsel for respondent appeared at the hearing and offered argument in support of the motion for summary judgment.  Mr. Cerks entered an appearance on behalf of petitioner at the hearing and argued against respondent's motion.[6]

## Discussion

Generally, spouses filing a joint Federal income tax return are jointly and severally liable for all taxes due.  Sec. 6013(d)(3).  Section 6015 provides, however, that a spouse may seek relief from joint and several liability on a joint return under certain circumstances.[7]  Section 6015 encompasses three types of relief: (1) Subsection (b) provides full or apportioned relief from joint and several liability; (2) subsection (c) provides proportionate tax relief to divorced or separated taxpayers; and (3) subsection (f) provides equitable relief from

---

[5]Petitioner concedes that he is not eligible for relief under either sec. 6015(b) or (c).

[6]Petitioner was also present at the hearing.

[7]The Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. 105-206, sec. 3201(a), 112 Stat. 734, repealed sec. 6013(e) and replaced it with sec. 6015, which provides spouses with a broader access to relief from joint and several liability on a joint return.  See H. Conf. Rept. 105-599, at 249 (1998), 1998-3 C.B. 747, 1003.  Sec. 6015 applies to any liability for tax arising after July 22, 1998, and to any liability for tax arising on or before July 22, 1998, and unpaid as of that date.  RRA 1998 sec. 3201(g), 112 Stat. 740.  Sec. 6015, therefore, applies in the instant case.

joint and several liability in certain circumstances if neither section 6015(b) nor (c) is available.

The doctrine of res judicata, however, may preclude a taxpayer from obtaining relief under section 6015. The judicial doctrine of res judicata provides that when a court of competent jurisdiction enters a final judgment on the merits of a cause of action, the parties to the action are bound "not only to every matter which was offered and received * * * but as to any other admissible matter which might have been offered for that purpose." Commissioner v. Sunnen, 333 U.S. 591, 597 (1948); see Wooten v. Commissioner, T.C. Memo. 2003-113. Because Federal income taxes are determined on an annual basis, each year is a separate cause of action, and res judicata is applied to bar subsequent proceedings involving the same tax year. Commissioner v. Sunnen, supra at 597-598; Calcutt v. Commissioner, 91 T.C. 14, 21 (1988).

With regard to claims for relief from joint and several liability, section 6015(g)(2) provides in pertinent part:

> Res Judicata.--In the case of any election under subsection (b) or (c), if a decision of a court in any prior proceeding for the same taxable year has become final, such decision shall be conclusive except with respect to the qualification of the individual for relief which was not an issue in such proceeding. The exception contained in the preceding sentence shall not

apply if the court determines that the individual participated meaningfully in such prior proceeding.[8]

As previously indicated, respondent contends that respondent is entitled to judgment as a matter of law. Respondent argues that section 6015(g)(2) bars petitioner from claiming relief from joint and several liability under section 6015. Specifically, respondent maintains that petitioner participated meaningfully in the prior proceeding, and that petitioner failed to raise a claim for relief under section 6015 in the prior proceeding. Consequently, respondent contends that section 6015(g)(2) precludes petitioner from claiming relief from joint and several liability in the instant proceeding.[9]

Petitioner objects to respondent's motion on the ground that section 6015(g)(2) does not apply in the instant case. Specifically, petitioner contends that the statutory language of section 6015(g)(2) "expressly refers only to elections under subsection (b) or (c) of IRC Section 6015 and expressly omits subsection (f) EQUITABLE RELIEF OF IRC Section 6015 from being barred by the doctrine of Res Judicata". Petitioner thus

---

[8]Petitioner does not dispute that he participated meaningfully in the prior proceeding.

[9]We note that in support of his contention, respondent relies on regulations issued under sec. 6015. The regulations issued under sec. 6015 apply to claims for relief filed on or after July 18, 2002. Sec. 1.6015-9, Income Tax Regs. The regulations issued under sec. 6015 are inapplicable in the instant case because petitioner filed his claim on Jan. 6, 2001.

contends that the doctrine of res judicata does not preclude him from claiming equitable relief under section 6015(f). We disagree.

This Court has already rejected petitioner's precise contention in a previous case. In Thurner v. Commissioner, 121 T.C. 43, 51-52 (2003), the Court concluded that a claim for equitable relief under section 6015(f) is subordinate and ancillary to a claim for relief under section 6015(b) or (c), and, therefore, that section 6015(f) is subject to the same standards for the application of the doctrine of res judicata imposed under section 6015(g)(2). See Fernandez v. Commissioner, 114 T.C. 324, 330-331 (2000). In Thurner v. Commissioner, supra, the Court thus held that the doctrine of res judicata as delineated in section 6015(g)(2) with respect to claims for relief from joint and several liability applies equally to claims for relief under section 6015(b), (c), and (f). Accordingly, we also reject petitioner's same contention in the instant case.

Petitioner litigated the merits of respondent's notice of deficiency at trial on May 17, 1999, in Houston, Texas. Thereafter, a decision was entered that petitioner and Ms. Pena were liable for income tax of $35,080 and an addition to tax of $2,490. Petitioner and Ms. Pena did not appeal that decision, which became final. See secs. 7481(a)(1), 7483. The causes of action that form the basis for this case and the prior proceeding

are identical; i.e., petitioner's tax liability for 1993.
Petitioner was represented by counsel in the prior proceeding,
and petitioner testified as the only witness in the case.  In
light of these undisputed facts, petitioner meaningfully
participated in the prior proceeding.  Moreover, petitioner did
not, at any time during the prior proceeding, claim relief under
section 6015.[10]  At the beginning of the trial, the Court
questioned the parties whether Ms. Pena was seeking relief from
joint and several liability.  Thus, petitioner was made aware
that he could have raised a claim for relief from joint and
several liability, but he failed to do so.

Nevertheless, petitioner contends that his case presents
special circumstances that overcome the bar of res judicata.
Petitioner argues that there was uncertainty regarding the law
during the pendency of the prior proceeding.  Petitioner asserts
that between the date that he filed the petition in the prior
proceeding (June 22, 1998) and the date of trial (May 17, 1999),
respondent had failed to publish specific guidance (and had
failed to inform petitioner) that the res judicata effect of
section 6015(g)(2) might have a serious adverse effect on
petitioner's right to claim relief from joint and several

---

[10]In a petition for redetermination of a deficiency under
sec. 6213(a), a taxpayer may seek relief from joint and several
liability on a joint return by raising the matter as an
affirmative defense.  Butler v. Commissioner, 114 T.C. 276, 287-
289 (2000).

liability in the future.  In support of his position, petitioner relies on Trent v. Commissioner, T.C. Memo. 2002-285.  We disagree with petitioner's contention.

In Trent v. Commissioner, supra, the taxpayer filed a petition for redetermination of a deficiency with the Court and then met with an Appeals officer to settle the case, which meeting occurred 10 days before the effective date of section 6015.  In that meeting, the taxpayer raised an innocent spouse defense, but the Appeals officer informed the taxpayer that then was not the time to raise the defense.  At the time of the meeting, the taxpayer and the Appeals officer were unaware of the res judicata effect of closing a deficiency case in light of the uncertainty of the law.  The taxpayer signed a stipulated decision, which was entered in December 1998, and subsequently submitted a Form 8857 in May 1999, which respondent denied.  The Court concluded that special circumstances existed to overcome the bar of res judicata in that petitioner was misled by an apparent misunderstanding on her part and on the part of the Appeals officer from raising a claim for joint and several liability in the prior proceeding.

The special circumstances in Trent v. Commissioner, supra, are distinguishable from the facts of this case.  In the instant case, the petition in the prior proceeding was filed before the effective date of section 6015, but, more significantly, the

trial was held on May 17, 1999, well after the effective date of section 6015.[11]  We find it remarkable that petitioner argues that he was not aware that he had to claim relief from joint and several liability at trial because under the prior law, in petitioner's belief, such claim was typically submitted after trial, which belief is clearly erroneous.  Indeed, the matter was called to the parties' attention in the prior proceeding when the Court inquired whether Ms. Pena would be claiming relief from joint and several liability (which she did not).  Petitioner was on notice that he also could raise a claim for joint and several liability, but he did not.  As such, it follows that section 6015(g)(2) precludes petitioner from claiming relief from joint and several liability under section 6015(f).

For the reasons stated, we shall grant respondent's motion for summary judgment.

We have considered all of the other arguments made by petitioner, and, to the extent that we have not specifically addressed them, we conclude that they are without merit.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.

---

[11]It might also be mentioned that although Ms. Trent appeared pro se in her deficiency action, petitioner was represented by counsel in his deficiency action.