T.C. Summary Opinion 2005-102


UNITED STATES TAX COURT


JANI LYN THOMAS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14668-04S.                    Filed July 21, 2005.


Jani Lyn Thomas, pro se.

<u>A. Gary Begun</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to section 7463 in effect at the time the petition was filed.  This case is before the Court on respondent's motion for summary judgment filed pursuant to Rule 121.  All subsequent Rule references are to the Tax Court Rules of Practice and Procedure.  All section references are to the Internal Revenue Code of 1986, as amended.

The motion arises in the context of a petition filed after respondent failed to issue a notice of final determination concerning relief from joint liability under section 6015 within 6 months after receiving petitioner's Form 8857, Request for Innocent Spouse Relief.  See sec. 6015(e)(1)(A)(i)(II).

## Background

A statutory notice of deficiency for 1999 was sent to petitioner and her then-husband, Raymond G. Thomas (Thomas), at two separate addresses.  A Tax Court petition was subsequently filed in the case of Raymond G. & Jani L. Thomas v. Commissioner, docket No. 12813-02S, disputing the adjustments to tax proposed in the notice of deficiency.  It does not appear that the purported signature of petitioner on the petition was made by her hand.  An amended petition for Thomas and petitioner was subsequently filed with a signature that does not appear to have been made by petitioner.  Thomas provided to respondent a stipulation of settled issues that contains petitioner's purported signature.

Petitioner did sign, along with Thomas, a stipulated decision settling the case on May 29, 2003.  The stipulated decision did not provide for relief to petitioner from joint and several liability for 1999.

Four months after the Court entered the decision in the deficiency action filed in the name of Thomas and petitioner, petitioner filed a Form 8857 requesting relief for 1999.

On March 28, 2003, Circuit Judge Stanley J. Latreille of the State of Michigan issued in favor of petitioner, and against Thomas, an ex parte personal protection order that remains in effect.

## Discussion

### Res Judicata

Respondent has moved for summary judgment because of the prior decision entered in the deficiency action brought by petitioner and Thomas.  Respondent asks the Court to find that, as a matter of law, petitioner is precluded from seeking relief in this Court under section 6015 due to the judicial doctrine of res judicata.

Under the doctrine of res judicata, when a court of competent jurisdiction has entered a final judgment on the merits in a cause of action, the parties to the action and those in privity with them are bound as to every matter that was offered and as to every matter that might have been offered in defense or pursuit of the claim.  Commissioner v. Sunnen, 333 U.S. 591, 597 (1948).

As a general rule, where the Tax Court has entered a decision for a taxable year, both the taxpayer and the

Commissioner (with certain exceptions) are barred from reopening that year. Hemmings v. Commissioner, 104 T.C. 221, 233 (1995). It has also been held that "the Tax Court's jurisdiction, once it attaches, extends to the entire subject of the correct tax for the particular year." Erickson v. United States, 159 Ct. Cl. 202, 309 F.2d 760, 767 (1962).

An agreed or stipulated judgment is a judgment on the merits for purposes of res judicata. In re Baker, 74 F.3d 906, 910 (9th Cir. 1996); accord Erickson v. United States, supra at 768; Krueger v. Commissioner, 48 T.C. 824, 828-829 (1967); see also United States v. Intl. Bldg. Co., 345 U.S. 502, 503-506 (1953) (upholding res judicata effect of stipulated Tax Court decisions).

Respondent argues that since petitioner could have claimed the benefits of section 6015 in the deficiency action for 1999 but did not, she is precluded from litigating the issue for 1999 in another action. Respondent recognizes the exception to the judicial doctrine of res judicata provided for in section 6015(g)(2) where the individual did not participate meaningfully in the prior proceeding. See Thurner v. Commissioner, 121 T.C. 43, 50 (2003); Vetrano v. Commissioner, 116 T.C. 272, 280 (2001). But respondent argues that the facts show that petitioner did meaningfully participate in the prior action and therefore does not qualify for the exception.

Petitioner appeared at the hearing on respondent's motion. She testified that she was unaware of the tax case for 1999 until she was called by Thomas who informed her that she had to go to the Internal Revenue Service (IRS) office "that day" to sign the decision document. She testified that she was unrepresented and did not have time to prepare. She spoke with the IRS attorney, she stated, who informed her that he was not her attorney and could not give her legal advice. She testified that she was and presently is afraid of reprisal from her former husband should she challenge the settlement. Further, she said that she thought she could sign the decision document and nevertheless institute a later action under section 6015.

Standard for Granting Summary Judgment

The standard for granting a motion for summary judgment under Rule 121 is stated in the Rule itself.

> A decision shall * * * be rendered if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. * * * [Rule 121(b).[1]]

The moving party has the burden of "showing" the absence of a genuine issue as to any material fact. See Espinoza v.

---

[1]Rule 121 is derived from Fed. R. Civ. Proc. 56. Therefore, authorities interpreting the latter will be considered by the Court in applying the Rule. Espinoza v. Commissioner, 78 T.C. 412, 415-416 (1982).

Commissioner, 78 T.C. 412, 416 (1982) (and cases cited therein.) The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-159 (1970). There is, however, no issue for trial unless there is sufficient evidence favoring the nonmoving party for the finder of fact to find in favor of the nonmoving party. First Natl. Bank v. Cities Serv. Co., 391 U.S. 253, 288-289 (1968). The nonmovant's evidence must be more than merely colorable. Dombrowski v. Eastland, 387 U.S. 82, 84 (1967) (per curiam).

In this case, respondent seems to believe that factual ambiguities in the record require a decision in his favor on this motion. When considering a motion for summary judgment, however, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986); accord Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974).

In Thurner v. Commissioner, supra at 53, a case cited by respondent in his memorandum of authorities, a petitioning spouse claimed that her participation in the prior litigation was not material in that it was limited to signing pleadings and documents in compliance with her husband's instructions. The Court held that the allegation "raises an issue of material fact

as to her level of participation in that proceeding." The Court denied the Commissioner's motion for summary judgment. In this case, there is more than just petitioner's testimony. She has also offered evidence that at the time she signed the decision document there was a protective order in effect against her former husband, and there is evidence that she did not sign either the petition or the amended petition in the prior case.

Respondent has neither produced evidence negating an essential element of petitioner's case, nor has he shown a "complete failure of proof" in the record on an essential element of petitioner's case. Respondent has failed to make the initial showing required by Rule 121(b) and Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The Court, as a result, finds that respondent has failed to show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law that petitioner is barred by the doctrine of res judicata from pursuing relief under section 6015. The Court therefore denies respondent's motion for summary judgment.

An appropriate order
will be issued.