NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 7, 2007[*]
Decided November 20, 2007

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-2383

| | |
|---|---|
| YVONNE E. THURNER,<br>    *Petitioner-Appellant,* | Appeal from the United States Tax Court |
| *v.* | No. 9971-01 |
| COMMISSIONER OF INTERNAL REVENUE,<br>    *Respondent-Appellee.* | Stephen J. Swift,<br>*Judge.* |

**O R D E R**

Yvonne Thurner challenges the Tax Court's refusal to consider her third motion to vacate the parties' stipulation of dismissal. For the reasons that follow, we affirm.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

This appeal constitutes the latest attempt by Thurner to evade her outstanding tax liability. *See United States v. Thurner*, 21 Fed. Appx. 477, 478-79 (7th Cir. 2001). The background history is uncontested. The Internal Revenue Service determined that Thurner and her husband, Scott, underpaid their federal taxes for 1981, 1990, and 1992. With interest and penalties, the government sought a total of approximately $2.9 million. After receiving notice of the deficiency, Thurner and her husband eventually paid almost $1.7 million. The government then filed suit in 2000 to recover the balance. The district court granted summary judgment in favor of the government and in 2001, after concluding that Thurner and her husband had filed a frivolous appeal, we affirmed that judgment and sanctioned them. *See id.*

In December 2000, after the district court ruled against them but before we issued our decision, Thurner again requested relief from the Tax Court, asserting, among other claims, that she was an "innocent spouse" under 26 U. S. C. § 6015(b) of the Internal Revenue Code. The government moved for summary judgment, which the Tax Court granted in part, but the court concluded that Thurner's claim for relief as an innocent spouse should continue. *See Thurner v. Comm'r*, 121 T.C. 43, 53 (2003). Turner eventually sought counsel, and in December 2005 both Thurner's lawyer and the government's lawyer stipulated to the Tax Court that she was not entitled to relief under § 6015. In his declaration to the Tax Court, Thurner's attorney insisted that he "believed . . . [he] had the authority on behalf of Yvonne Thurner to execute the [s]tipulation . . . ." But five days after the Tax Court accepted the stipulation to dismiss, Thurner informed the attorney that she had not authorized the stipulation and did not agree with it. Thurner's lawyer then moved to both vacate the Tax Court's acceptance of the stipulation and to withdraw from the case. Thurner also filed a pro se motion to vacate the decision. In January 2006 the Tax Court granted the attorney's motion to withdraw, but denied both counsel's and Thurner's motions to vacate. Thurner did not timely appeal that denial, nor the stipulated dismissal of her case one month earlier.

In March 2006 Thurner filed her third motion to vacate. After noting that the motion was untimely because Thurner had filed it more than thirty days after the court's decision to accept the stipulation, *see* Tax Court Rule 162, 26 U.S.C. § 7453, the Tax Court refused to consider the motion. Thurner then filed a notice of appeal, apparently seeking to challenge all of the Tax Court's rulings. Because the notice was untimely as to the December and January orders denying relief, we limited the appeal to a review of the Tax Court's order refusing the third motion to vacate.

We review, for an abuse of discretion, the Tax Court's refusal to vacate the stipulated dismissal order. *See Drobny v. Comm'r*, 113 F.3d 670, 676-77 (7th Cir. 1997). We previously have analogized a tax court's denial of a motion to vacate to a

district court's denial of relief from judgment under Federal Rule of Civil Procedure 60(b). *See id.*; *Estate of Kraus v. Comm'r*, 875 F.2d 597, 602 (7th Cir. 1989). This type of relief is "an extraordinary remedy and is granted only in exceptional circumstances." *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006) (quotation omitted). A court has abused its discretion only where no reasonable person could agree with its judgment. *See Harold Washington Party v. Cook County, Ill. Democratic Party*, 984 F.2d 875, 879 (7th Cir. 1993).

Thurner claims she submitted "newly discovered" evidence showing that her attorney did not have the authority to enter into the stipulation. But she raised the same argument of lack of authority in her first and second motions to vacate, and she does not explain—as she must—why she could not have presented this evidence earlier. *See* Fed. R. Civ. P. 60(b)(2) (new evidence must have been unavailable at time of original decision); *Publicis Commc'n v. True North Commc'ns, Inc.*, 206 F.3d 725, 730 (7th Cir. 2000). Moreover, we cannot see how the Tax Court abused its discretion in refusing to hear for the third time her argument that her retained attorney was not authorized to enter stipulation. *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."). Finally, motions to vacate are not a substitute for an appeal, *Local 322, Allied Indus. Workers of Am. v. Johnson Controls, Inc.*, 969 F.2d 290, 292-93 (7th Cir. 1992), and Thurner failed to appeal the original decision denying her motion to vacate the dismissal order.

                                                                 AFFIRMED.