T.C. Memo. 2011-218

UNITED STATES TAX COURT

CHRISTOPHER AMES BEACH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4981-10.               Filed September 7, 2011.

Christopher Ames Beach, pro se.

<u>Meredith L. Stuart</u> and <u>Audrey M. Morris</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KROUPA, <u>Judge</u>:  This case arises from a stand-alone petition for relief from joint and several liability under section 6015[1] and relates to a deficiency notice issued by respondent to

---

[1]All section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

petitioner and his former wife for 2004. The deficiency arose from a claimed casualty loss and expenses reported on Schedule E, Supplemental Income and Loss, attributable solely to separate property of petitioner, specifically two rental properties. The issue for decision is whether petitioner is barred from obtaining any relief from joint and several liability under section 6015(g)(2). We hold he is barred from obtaining relief from joint and several liability.

### FINDINGS OF FACT

Some of the facts have been stipulated and are so found. We incorporate the stipulation of facts and the accompanying exhibits by this reference.

Petitioner and his former wife, Leslie A. Beach (Mrs. Beach), were married in 1997 and were divorced in 2005. They filed a joint return for 2004 although they were separated at the time of filing. That return was later examined and a deficiency notice was issued. Petitioner filed a petition with this Court at docket No. 27187-07S in response to the deficiency notice. Mrs. Beach was not a party to the deficiency case.

During that litigation, Appeals Officer Janosek (AO Janosek) met solely with petitioner regarding possible resolution of the deficiency case for 2004, as the examination related to petitioner's separately owned rental properties. AO Janosek

accepted the documentation petitioner provided substantiating in part amounts claimed for 2004.

AO Janosek mailed a decision document to petitioner for docket No. 27187-07S conceding a part of the deficiency but sustaining disallowance of a number of the Schedule E expenses and the casualty loss for lack of substantiation. The decision document reflected a proposal for petitioner to stipulate a $2,539 deficiency and a $508 accuracy-related penalty. Petitioner agreed with AO Janosek's proposal and signed the decision document at docket No. 27187-07S, returning it to AO Janosek. The decision document at docket No. 27187-07S was entered by the Court on August 21, 2008.

Mrs. Beach filed a request for innocent spouse relief in May 2008, approximately three months before the decision was entered. The relief request was also assigned to AO Janosek, who sent a letter to petitioner informing him that Mrs. Beach was seeking innocent spouse relief. Petitioner contested Mrs. Beach's request for relief. Petitioner again met with AO Janosek to discuss Mrs. Beach's relief request. AO Janosek determined, after meeting with Mrs. Beach and petitioner, that Mrs. Beach qualified for innocent spouse relief under section 6015(b) and (c).

Petitioner attempted to contest again that Mrs. Beach qualified by filing his own request for innocent spouse relief.

He submitted his own questionnaire as a requesting spouse for 2004. Mrs. Beach submitted a questionnaire for a nonrequesting spouse regarding petitioner's request asserting that the deficiency was entirely attributable to petitioner's separate property. Respondent issued a Final Appeals Determination letter to petitioner denying his request for innocent spouse relief for 2004.

Petitioner filed a petition disputing the Appeals determination that he did not qualify for innocent spouse relief for 2004 under section 6015(b), (c) or (f).

OPINION

Petitioner seeks to be relieved from joint and several liability for 2004. The deficiency petitioner seeks to avoid arises from disallowed Schedule E expenses/deductions and a casualty loss reported on Schedule A, Itemized Deductions, from rental properties that were petitioner's separate properties.

Respondent argues that res judicata bars petitioner's claim for relief. Res judicata requires that when a court of competent jurisdiction enters a final judgment on the merits of a cause of action, the parties to the action are bound by that decision as to all matters that were or could have been litigated and decided in the proceedings. Commissioner v. Sunnen, 333 U.S. 591 (1948). The doctrine promotes judicial economy by precluding repetitious lawsuits. Gustafson v. Commissioner, 97 T.C. 85, 91 (1991).

Federal income taxes are determined annually with each year a separate cause of action.  Res judicata is applied to bar subsequent proceedings involving the same tax year.  Commissioner v. Sunnen, supra at 597-598.

Res judicata would generally bar a party to a prior proceeding for the same tax year from seeking relief from joint and several liability regardless of whether the claim had been raised in the prior proceeding.  Vetrano v. Commissioner, 116 T.C. 272, 280 (2001).  Petitioner now brings this action to seek relief under section 6015 for 2004 after resolving the deficiency action for 2004.  Accordingly, petitioner's claim for relief under section 6015 would be barred by the common law doctrine of res judicata.

The common law doctrine of res judicata, however, is limited by section 6015(g)(2).  Res judicata bars a taxpayer from requesting relief from joint and several liability only if (1) such relief was an issue in the prior proceeding, or (2) the Court decides that the taxpayer participated meaningfully in the prior proceeding.  Sec. 6015(g)(2); see Deihl v. Commissioner, 134 T.C. 156, 161 (2010); Vetrano v. Commissioner, supra at 278; sec. 1.6015-1(e), Income Tax Regs.  Put more simply, a taxpayer that participated meaningfully in a prior proceeding is barred from electing relief under section 6015 for the same taxable year after the decision of the Court has become final.  See Vetrano v.

<u>Commissioner</u>, <u>supra</u> at 278.  Accordingly, petitioner will be barred from electing relief under section 6015 if he participated meaningfully in the prior proceeding.  We now turn our attention to this issue.

Petitioner bears the burden of proving that he did not participate meaningfully in the prior proceeding.  See <u>Deihl v. Commissioner</u>, <u>supra</u> at 162.  Petitioner failed to present any legal arguments or briefs to prove by a preponderance of the evidence that he did not participate meaningfully in the prior proceeding.

Respondent contends that petitioner did in fact participate meaningfully in the prior proceeding.  We agree.  We have previously indicated that signing court documents, participating in settlement negotiations, exercising exclusive control over the handling of a proceeding, and having the opportunity to raise an innocent spouse claim are all probative of meaningful participation under section 6015(g)(2).  See <u>Deihl v. Commissioner</u>, <u>supra</u> at 162; <u>Thurner v. Commissioner</u>, 121 T.C. 43, 53 (2003); <u>Huynh v. Commissioner</u>, T.C. Memo. 2006-180, affd. 276 Fed. Appx. 634 (9th Cir. 2008).

It is difficult for us to fathom what participating meaningfully would mean if petitioner did not do it in the prior proceeding.  Petitioner was the sole party and therefore exercised exclusive control over the handling of the prior

proceeding.  He was the one who provided the documents to AO Janosek in his consideration of the return for 2004, the same year at issue here.  He provided whatever substantiation was available for the Schedule E expenses.  He negotiated a settlement with AO Janosek regarding the casualty loss deduction and Schedule E expenses and signed the decision document at docket No. 27187-07S.  Moreover, he could have raised the issue of relief under section 6015 but failed to do so.

We find petitioner participated meaningfully in the prior proceeding within the meaning of section 6015(g)(2).  We hold therefore that petitioner is barred under section 6015(g)(2) from obtaining relief from joint and several liability for 2004 under section 6015.

We have considered all arguments the parties made in reaching our holdings, and, to the extent not mentioned, we find them to be irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.