SARI F. DEIHL, PETITIONER *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 22897–08.          Filed February 23, 2010.

In 2004 P and her husband litigated three consolidated cases before the Court concerning their 1996, 1997, and 1998 tax years. P's attorney raised the issue of relief from joint and several liability under sec. 6015, I.R.C., in the petition for 1996 but not 1997 or 1998. The request did not invoke any specific subsection of sec. 6015, I.R.C. P then withdrew her claim for relief from joint and several liability in the stipulation of facts for the consolidated cases. P's husband died after the opinion in the consolidated cases was filed but before decisions were entered. After decisions were entered, P filed an administrative claim for relief from joint and several liability with R for 1996, 1997, and 1998. R determined P did not qualify for relief under sec. 6015(b), (c), or (f), I.R.C., and that P's claim was barred by sec. 6015(g)(2), I.R.C., regardless. *Held*: Sec. 6015(g)(2), I.R.C., applies because the Court entered final decisions for 1996, 1997, and 1998. *Held*, *further*, P did not participate meaningfully in the prior proceeding. *Held*, *further*, relief from joint and several liability was raised only in the pleadings for 1996. Therefore, for 1997 and 1998 sec. 6015, I.R.C., relief from joint and several liability was not an issue in the prior proceeding. *Held*, *further*, relief from joint and several liability under sec. 6015(b) and (f), I.R.C., for 1996 was an issue in the prior proceeding. *Held*, *further*, for purposes of sec. 6015(g)(2), I.R.C., an election under sec. 6015(c), I.R.C., shall not be deemed to have been an issue in a prior proceeding where the requesting spouse's original request for relief under sec. 6015, I.R.C., did not specifically invoke sec. 6015(c), I.R.C., and the requesting spouse was ineligible to make an election under sec. 6015(c), I.R.C., at the time because the requesting spouse's husband was alive. Accordingly, an election under sec. 6015(c), I.R.C., for 1996 was not an issue in the prior proceeding. *Held*, *further*, sec. 6015(g)(2), I.R.C., bars P from claiming relief from joint and several liability for 1996 under sec. 6015(b) and (f), I.R.C. *Held*, *further*, the exception in sec. 6015(g)(2), I.R.C., applies to, and P is not barred from electing, relief from joint and several liability under sec. 6015(c), I.R.C., for 1996 and relief

156

from joint and several liability under sec. 6015(b), (c), and (f), I.R.C., for 1997 and 1998.

*Tim A. Tarter* and *Kirk A. McCarville*, for petitioner.
*Anne W. Durning*, for respondent.

OPINION

VASQUEZ, *Judge*: Petitioner seeks review of respondent's determination that she is not entitled to relief from joint and several liability under section 6015(b), (c), and (f)[1] with respect to her joint Federal income tax liabilities for 1996, 1997, and 1998. Our jurisdiction to review petitioner's request for relief is conferred by section 6015(e). The only issue for decision is whether petitioner is precluded by the doctrine of res judicata as set forth in section 6015(g)(2) from raising the issue of relief from joint and several liability for the years in issue.[2]

## *Background*

Petitioner and her husband (Mr. Deihl) were the taxpayers in three cases previously litigated in the Tax Court in 2004: Docket Nos. 11136–02 (1996), 16293–02 (1998), and 1024–03 (1997). The cases were consolidated for trial, briefing, and opinion (the consolidated cases). The consolidated cases concerned the substantiation of business expense deductions claimed by Mr. Deihl and petitioner in 1996, 1997, and 1998 related to their S corporation.

Mr. Deihl hired Donald MacPherson (Mr. MacPherson) to represent him and petitioner in the consolidated cases. Robert Hartmann (Mr. Hartmann) assisted Mr. MacPherson with the representation.[3] Petitioner was not involved in the

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Respondent in the notice of determination denied petitioner relief from joint and several liability for each of the years in issue because: (1) "The information we have available does not show you meet the requirements for relief"; (2) "The United States Tax Court or other court issued a final decision regarding the liabilities from which you seek relief and you meaningfully participated in that proceeding" (i.e., res judicata); (3) "You knew, or had reason to know, of the income or deductions that caused the additional tax"; and (4) "You did not show it would be unfair to hold you responsible". On Mar. 27, 2009, the Court granted the parties' joint motion to sever the issues. This Opinion deals only with the issue of res judicata. We do not here decide whether petitioner qualifies for relief from joint and several liability under sec. 6015.

[3] Mr. Hartmann was originally hired by Mr. Deihl over 20 years ago to serve as counsel for Mr. Deihl and petitioner's businesses as well as for personal matters. He withdrew as attorney of record in the consolidated cases to be able to serve as a witness at trial but continued to
Continued

hiring of Mr. MacPherson and did not sign the engagement letter for the consolidated cases.

Mr. MacPherson signed and filed the three petitions in the consolidated cases; petitioner did not sign them. The petition in docket No. 11136–02 (the 1996 petition) raised the issue of relief from joint and several liability. It states:

Under *Sec. 6013(e)* and *6015*, PETITIONER SARI F. DEIHL was/is an innocent spouse for the year at issue in the statutory NOD. Considering all of the facts and circumstances, it would be unfair to hold SARI responsible for the understatement of tax, if any, and related penalties and interest, if any.

The petitions in docket Nos. 16293–02 (1998) and 1024–03 (1997) did not raise the issue of relief from joint and several liability. [4]

On October 21, 2004, the parties submitted their stipulation of facts in the consolidated cases. Paragraph 20 thereof (paragraph 20) states that "Petitioner Sari F. Deihl no longer seeks innocent spouse relief for the taxable years 1996, 1997 or 1998". Relief from joint and several liability was not discussed at trial in the consolidated cases (the 2004 trial).

The Tax Court filed its opinion in the consolidated cases on December 15, 2005. See *Deihl v. Commissioner*, T.C. Memo. 2005–287 (Deihl I). The Court generally sustained the Commissioner's determinations of deficiencies in tax, additions to tax, and penalties against petitioner and Mr. Deihl for 1996, 1997, and 1998 and instructed that decisions would be entered under Rule 155. Mr. Deihl died on February 5, 2006, 52 days after Deihl I was filed but before the final decisions in the consolidated cases were entered.

Petitioner served as personal representative for the estate of Mr. Deihl from March 20, 2006, to July 30, 2007. She sought new counsel after receiving advice from Mr. Mac-Pherson and Mr. Hartmann with which she disagreed. On or about March 16, 2006, petitioner retained Martha Patrick, whose representation of petitioner ended on or around April 24, 2006. Soon thereafter, on April 27, 2006, petitioner retained Terence D. Woolston (Mr. Woolston) and Tim A.

assist Mr. MacPherson throughout the litigation.

[4] Similarly, the answers filed in 1997 and 1998 were silent as to relief from joint and several liability and the Commissioner, in his pretrial memorandum for the consolidated cases, referred only to 1996 in addressing petitioner's claim for relief from joint and several liability.

Tarter of Woolston & Tarter P.C. to represent her and the estate of Mr. Diehl.

Mr. Woolston and counsel for the Commissioner worked together to finalize the Rule 155 computations in the consolidated cases.

The Court entered its decision in docket No. 11136–02 on September 12, 2006, and in docket Nos. 16293–02 and 1024–03 on October 3, 2006.[5] Neither side appealed.[6]

On or about March 6, 2007, petitioner filed Form 8857, Request for Innocent Spouse Relief, requesting relief under section 6015(b), (c), and (f) for 1996, 1997, and 1998. On August 22, 2008, respondent sent petitioner a notice of determination denying petitioner's request for relief from joint and several liability for each of those years. On September 16, 2008, petitioner timely filed a petition for review of respondent's determination. Petitioner resided in Arizona at the time she filed the petition in this case.

## *Discussion*

Respondent argues that res judicata as delineated in section 6015(g)(2) bars petitioner from claiming relief from joint and several liability for 1996, 1997, and 1998 because the Court entered final decisions for those years. Respondent further argues that the exception to res judicata in section 6015(g)(2) does not apply because relief from joint and several liability was an issue in the consolidated cases and petitioner participated meaningfully therein.

Petitioner argues that the exception to res judicata in section 6015(g)(2) applies because relief from joint and several liability was not an issue in the consolidated cases and she did not participate meaningfully therein. She also argues that res judicata should not apply to her election under section 6015(c) because she could not have raised it in the consolidated cases.[7]

---

[5] The Court originally entered its decisions in docket Nos. 16293–02 and 1024–03 on Sept. 12, 2006, but vacated the original decisions after granting the Commissioner's motion to vacate.

[6] The decision in docket No. 11136–02 became final on Dec. 12, 2006. The decisions in docket Nos. 16293–02 and 1024–03 became final on Jan. 2, 2007.

[7] Respondent argues petitioner could have raised sec. 6015(c) by moving the Court to reopen the record or to vacate the decisions before they became final. Given our conclusion, discussed hereinafter, that petitioner did not participate meaningfully in the consolidated cases and that relief under sec. 6015(c) in fact was not an issue in the consolidated cases, we need not decide whether petitioner could have raised relief under sec. 6015(c) in the consolidated cases.

I.  *Section 6015(g)(2)*

Section 6015(g)(2) codifies the application of res judicata with respect to claims for relief from joint and several liability under section 6015.

A.  *Res Judicata in General*

Under the judicial doctrine of res judicata, when a court of competent jurisdiction enters a final judgment on the merits of a cause of action, the parties to the action are bound by every matter that was or could have been offered and received to sustain or defeat the claim. *Commissioner v. Sunnen*, 333 U.S. 591, 597 (1948); see also *Gustafson v. Commissioner*, 97 T.C. 85, 91 (1991). The doctrine of res judicata "serves to promote judicial economy and the repose of disputes" by precluding repetitious lawsuits. *Gustafson v. Commissioner*, *supra* at 91.

Because Federal income taxes are determined on an annual basis, each year is a separate cause of action, and res judicata is applied to bar subsequent proceedings involving the same tax year. *Commissioner v. Sunnen*, *supra* at 597–598; *Calcutt v. Commissioner*, 91 T.C. 14, 21 (1988). As a general rule, where the Tax Court has entered a decision for a taxable year, both the taxpayer and the Commissioner (with certain exceptions) are barred from reopening that year. *Burke v. Commissioner*, 105 T.C. 41, 47 (1995); *Hemmings v. Commissioner*, 104 T.C. 221, 233 (1995).

A stipulated judgment is a judgment on the merits for purposes of res judicata. *Baker v. IRS*, 74 F.3d 906, 910 (9th Cir. 1996) (and cases cited thereat). It follows that, for res judicata purposes, the decision incorporates those elements that the parties have settled by stipulation as well as those that have been redetermined by the Court. See *Lincir v. Commissioner*, T.C. Memo. 2007–86.

Although the general outlines of res judicata are relatively straightforward, the details applicable in certain cases may be quite intricate. See, e.g., the discussion in *Hemmings v. Commissioner*, *supra* at 230–235. In addition, Congress sometimes enacts legislation that overrides or modifies res judicata. See, e.g., *Burke v. Commissioner*, *supra* at 47.

### B. *The Exception*

Under common law principles of res judicata, a taxpayer who was a party to a prior proceeding for the same taxable year is barred from seeking relief from joint and several liability whether or not the claim had been raised as an issue in the prior proceeding. Section 6015(g)(2) creates an exception to this rule where such relief was not an issue in the prior proceeding. However, the exception does not apply if the court determines that the taxpayer participated meaningfully in the prior proceeding. [8] Thus, res judicata does not bar a taxpayer from requesting relief from joint and several liability under section 6015(b), (c), or (f) if: (1) Relief from joint and several liability under section 6015(b), (c), or (f) was not an issue in the prior proceeding; *and* (2) the court determines that the taxpayer did not participate meaningfully in the prior proceeding. Said differently, if a final decision was entered in a prior proceeding for a tax year and relief from joint and several liability was an issue therein, section 6015(g)(2) will bar the taxpayer from subsequently requesting the same relief for that year. Or, if a final decision was entered in a prior proceeding for a tax year and the taxpayer participated meaningfully therein, section 6015(g)(2) bars the taxpayer from subsequently requesting relief from joint and several liability that was or could have been an issue in the prior proceeding. See *Vetrano v. Commissioner*, 116 T.C. 272, 278 (2001); sec. 1.6015–1(e), Income Tax Regs.

### II. *The Consolidated Cases*

This Court entered final decisions in the consolidated cases for the tax years at issue here. Res judicata as delineated in section 6015(g)(2) bars petitioner's claims for relief from joint and several liability unless those claims for relief were not an issue in and petitioner did not participate meaning-

---

[8] Sec. 6015(g)(2) provides:

RES JUDICATA.—In the case of any election under subsection (b) or (c) or of any request for equitable relief under subsection (f), if a decision of a court in any prior proceeding for the same taxable year has become final, such decision shall be conclusive except with respect to the qualification of the individual for relief which was not an issue in such proceeding. The exception contained in the preceding sentence shall not apply if the court determines that the individual participated meaningfully in such prior proceeding.

fully in the consolidated cases. We first address whether petitioner participated meaningfully in the consolidated cases.

## A. *Meaningful Participation*

Under section 6015(g)(2), the requesting spouse bears the burden of proving, by a preponderance of the evidence, that he or she did not participate meaningfully in the prior litigation. *Monsour v. Commissioner*, T.C. Memo. 2004–190.

Meaningful participation is not defined in section 6015(g)(2) or the accompanying regulations, and the legislative history does not provide guidance as to the proper definition. Moreover, the Court, despite deciding whether requesting spouses have participated meaningfully in prior proceedings, has not clearly defined meaningful participation, although we have indicated that while "merely [complying]" with a spouse's instructions to sign various pleadings and other documents filed in prior litigation is not conclusive of meaningful participation, *Thurner v. Commissioner*, 121 T.C. 43, 53 (2003), signing court documents and participating in settlement negotiations are indicators of meaningful participation, *id.*; *Monsour v. Commissioner*, *supra*. This case warrants a brief description of our cases discussing meaningful participation.

In *Thurner v. Commissioner*, *supra*, the taxpayer husband and the taxpayer wife filed separate petitions each seeking relief from joint and several liability under section 6015. The Commissioner moved for summary judgment on the issue of meaningful participation. We found that the record clearly established that the taxpayer husband had participated meaningfully in a prior court proceeding. The taxpayer husband had signed court documents and been fully engaged in the proceeding. In addition, the taxpayer husband had maintained exclusive control over all tax matters including the handling of the prior proceeding. To the contrary, we found there to be a genuine issue of material fact as to whether the taxpayer wife had participated meaningfully in the prior proceeding where she asserted that she had merely complied with her husband's instructions to sign the pleadings and various other documents that were filed in the prior proceeding.[9]

---

[9] Because the case involved a motion for summary judgment, the Court did not decide whether

In *Monsour v. Commissioner*, *supra*, we found the taxpayer had participated meaningfully in a prior Tax Court proceeding involving the taxpayer and her husband. We found significant the fact that the taxpayer chose not to call a particular witness to testify about her level of participation in the prior proceeding and inferred from her failure to call this witness that his testimony, if given, would have been unfavorable to the taxpayer. The taxpayer relied on her husband's testimony to support her position that she had not participated meaningfully. However, we did not find this testimony to be credible and we did not rely on this testimony to support the taxpayer's contentions. Moreover, the taxpayer, an attorney, agreed to a stipulated decision that she was jointly and severally liable for deficiencies in tax.

In *Huynh v. Commissioner*, T.C. Memo. 2006–180, affd. 276 Fed. Appx. 634 (9th Cir. 2008), the record showed that in a prior proceeding [10] the requesting spouse had read and signed two petitions filed with the Tax Court; spoken and participated at pretrial meetings with IRS counsel; signed various documents including a stipulation of settled issues, a power of attorney, and stipulations of facts; testified about her husband's potential income sources; and signed a trial brief, a reply brief, and a motion for leave to file a reply brief. The taxpayer had also prepared her and her husband's joint Federal income tax returns for the years in issue. Despite the requesting spouse's arguments to the contrary and although she may have signed some documents under the direction of her husband, we held on the entire record that the taxpayer had nevertheless participated meaningfully in the prior proceeding.

In *Moore v. Commissioner*, T.C. Memo. 2007–156, we found the taxpayer's participation in a prior proceeding to be meaningful where the taxpayer had been informed about section 6015, had participated in meetings with IRS counsel and the Court, and had voluntarily entered into a settlement.

Petitioner's participation in the consolidated cases differs significantly from that of the requesting spouses in *Monsour, Huynh*, and *Moore*. Petitioner, who is not an attorney and did not complete her high school education, did not sign any

the taxpayer wife had participated meaningfully in the prior proceeding.

[10] *Huynh v. Commissioner*, T.C. Summary Opinion 2001–131.

court documents in the consolidated cases. She did not review the petitions or the stipulations of facts, nor did she agree to any of the stipulations. Mr. MacPherson and Mr. Hartmann did not discuss these documents with petitioner. In fact, she saw them for the first time at trial in the present matter. Petitioner did not meet with any IRS personnel, participate in any settlement negotiations with the IRS, or sit in on any such meetings between her attorneys and the IRS during the litigation in the consolidated cases. However, petitioner was called as a witness in the 2004 trial and testified briefly [11] about certain expenses for entertainment and computers deducted by her and Mr. Deihl's S corporation.

Respondent called Robert Cuatto (Mr. Cuatto), associate area counsel with the IRS, to testify about petitioner's participation in the consolidated cases. Mr. Cuatto observed petitioner in discussions with Mr. Deihl and their counsel during several breaks in the 2-day trial and in the hallway in the morning before trial both days. In his opinion, petitioner seemed to be engaged and actively involved in the trial. However, Mr. Cuatto was not involved in any of the aforementioned discussions and admittedly had no knowledge of what was being discussed. We cannot speculate as to what petitioner, Mr. Deihl, and their counsel may have been discussing during breaks and in the hallway before trial.

Petitioner and respondent initially expressed a desire to call Mr. MacPherson to testify as to petitioner's participation in the consolidated cases. However, Mr. MacPherson was in Germany recovering from an illness at the time of trial in the present matter and did not testify. The parties agreed that the record was sufficiently complete without his testimony. Therefore, we shall not infer anything from the fact that Mr. MacPherson did not testify.

Mr. Hartmann did not meet with petitioner immediately after Deihl I was filed. He was instructed by Mr. Deihl to keep the findings in Deihl I "under our hat for a while". It was only after Mr. Deihl's death that Mr. Hartmann and Mr. MacPherson met with petitioner. At that time they gave petitioner advice with which she disagreed. Petitioner then informed Mr. Hartmann that she was speaking with different

---

[11] Only 11 out of 335 pages of the transcript from the 2004 trial consisted of petitioner's testimony.

attorneys. Mr. Woolston handled the consolidated cases from that point on.

We believe Mr. Deihl, like the husband in *Thurner v. Commissioner*, 121 T.C. 43 (2003), controlled the litigation in the consolidated cases until his death. Although petitioner testified at the 2004 trial, she was more like a third-party fact witness than a participating litigant. The totality of the evidence demonstrates that petitioner was never fully informed or engaged in the litigation. We find that petitioner has shown that she did not participate meaningfully in the consolidated cases.

### B. *Relief at Issue in the Consolidated Cases*

Mr. MacPherson raised the issue of relief from joint and several liability in the 1996 petition. Although paragraph 20 seemingly withdraws the issue for all years in the consolidated cases, the petitions and corresponding answers filed for 1997 and 1998 did not raise relief from joint and several liability. Further, respondent's pretrial memorandum for the consolidated cases specifically addressed petitioner's claim with respect to 1996 only. Because relief from joint and several liability was raised in the pleadings for 1996 only, that is the only year in which said relief was an issue. See Rules 38, 324. Relief from joint and several liability was not an issue in 1997 or 1998. The mere reference to 1997 and 1998 in paragraph 20 without more did not put relief from joint and several liability in issue for those years. Accordingly, petitioner is not barred from making an election under section 6015(b) and (c) and requesting equitable relief under section 6015(f) for 1997 and 1998.

The 1996 petition did not specify the basis for relief requested under section 6015; i.e., whether petitioner was electing or requesting relief under section 6015(b), (c), or (f). However, petitioner was not eligible to make an election under section 6015(c) when the 1996 petition was filed because she was not divorced or separated from Mr. Deihl. [12]

---

[12] An individual shall only be eligible to make an election under sec. 6015(c) if at the time of the election such individual is no longer married to, or is legally separated from, the individual with whom such individual filed the joint return to which the election relates, or such individual was not a member of the same household as the individual with whom such joint return was filed at any time during the 12-month period ending on the date such election is filed. Sec. 6015(c)(3)(A)(i). For purposes of these eligibility requirements, a widow is treated as

Continued

Determining what subsections of section 6015 were an issue in a prior proceeding under these facts is an issue of first impression. We hold that for purposes of section 6015(g)(2), an election under section 6015(c) shall not be deemed to have been an issue in a prior proceeding where the requesting spouse's original request for relief under section 6015 did not specifically invoke section 6015(c) and the requesting spouse was ineligible to make an election under section 6015(c) at the time because the requesting spouse's husband was alive. [13] Therefore, we conclude that petitioner's claim for innocent spouse relief in the 1996 petition was an election under section 6015(b) and a request for equitable relief under section 6015(f). Relief under section 6015(c) for 1996 was not an issue in the consolidated cases. [14]

Petitioner argues she should not be bound by the 1996 petition or paragraph 20 because she was not adequately represented during the consolidated cases and she was not aware of the contents of the 1996 petition or paragraph 20 until after Deihl I was released. However, we have held that "the quality of advocacy and the actual knowledge of the litigants are not special circumstances in determining whether a prior judgment is a bar in a subsequent litigation." *Moore v. Commissioner*, T.C. Memo. 2007–156; see also Rule 33(b). Accordingly, relief from joint and several liability under section 6015(b) and (f) was an issue in the consolidated cases as to 1996; relief under section 6015(c) was not.

We find that section 6015(g)(2) bars petitioner from making an election under section 6015(b) and requesting equitable relief under section 6015(f) for 1996. We find further that the exception in section 6015(g)(2) applies to petitioner's claim for relief under section 6015(c) for 1996 and petitioner's claim for relief under section 6015(b), (c), and (f) for 1997 and 1998.

---

no longer married. *Jonson v. Commissioner*, 118 T.C. 106, 123–124 (2002), affd. 353 F.3d 1181 (10th Cir. 2003).

[13] Our holding does not impair the Court's ability to interpret an ambiguous request for relief under sec. 6015 as including an election under sec. 6015(c).

[14] We do not attempt in this Opinion to decide how sec. 6015(g)(2) applies under a different set of facts where a requesting spouse does not become eligible to elect relief under sec. 6015(c) until after a decision in a prior proceeding has become final pursuant to sec. 7481.

III.  *Conclusion*

A summary of our holdings follows. The Court entered final decisions for petitioner's 1996, 1997, and 1998 tax years, which were litigated in 2004. Petitioner did not participate meaningfully in that litigation. Relief from joint and several liability was an issue in the consolidated cases as to 1996 only under section 6015(b) and (f). Therefore, petitioner is barred from making an election under section 6015(b) and requesting equitable relief under section 6015(f) for 1996. Relief from joint and several liability under section 6015(c) for 1996 and section 6015(b), (c), and (f) for 1997 and 1998 was not an issue in the consolidated cases. Therefore, the exception to res judicata in section 6015(g)(2) applies to these claims. Accordingly, petitioner is not barred from making an election under section 6015(c) for 1996 or from making an election under section 6015(b) and (c) and requesting equitable relief under section 6015(f) for 1997 and 1998.

In reaching all of our holdings herein, we have considered all arguments made by the parties, and to the extent not mentioned above, we find them to be irrelevant or without merit.

To reflect the foregoing,

*An appropriate order will be issued.*