# United States Tax Court

T.C. Memo. 2022-127

SUSAN P. KECHIJIAN,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————————

Docket No. 3430-20.                                      Filed December 28, 2022.

————————

P and H were parties to a previous deficiency case in this Court. They filed joint federal income tax returns for the years 2000 to 2004. In January 2010 R issued to P and H notices of deficiency for those years. In April 2010 P and H, represented by counsel whom H had hired, jointly filed a petition asking this Court to redetermine those deficiencies. Before their case was decided, H died in September 2013, and P and E were named co-executors of H's estate. This Court substituted H's estate as a party to the deficiency case, and thereafter the co-petitioners were P and H's estate (with P and E as co-executors). In April 2017 this Court determined no deficiencies for 2000 to 2003 but decided that H and his business partner had failed to report taxable income for 2004 and were thus liable for the income tax deficiency as well as an accuracy-related penalty under I.R.C. § 6662(a).

P then filed Form 8857, "Request for Innocent Spouse Relief", requesting relief under I.R.C. § 6015(b), (c), and (f) from joint and several liability for the 2004 liability. R denied this request.

In February 2020 P filed a Petition with this Court challenging this denial. P moved for summary judgment on grounds that she is eligible for innocent spouse relief

[*2]     under I.R.C. § 6015(b) and (c), and that, pursuant to I.R.C. § 6015(g)(2), res judicata arising from the previous deficiency case does not bar her Petition because innocent spouse relief was not at issue in that case and because she did not meaningfully participate in that case.  R opposed the motion and cross-moved, arguing that P did meaningfully participate in the previous deficiency case both in her own capacity and as a co-executor of H's estate and that the I.R.C. § 6015(g)(2) exception to res judicata therefore does not apply.

*Held*: P meaningfully participated in the previous deficiency case through counsel, and res judicata therefore precludes P from raising her I.R.C. § 6015 claim for the year that was the subject of that case.  The exception of I.R.C. § 6015(g)(2) does not apply.

————————

*Lynn F. Chandler* and *Lucas D. Garber*, for petitioner.

*Olivia H. Rembach* and *Timothy J. Driscoll*, for respondent.

## MEMORANDUM OPINION

GUSTAFSON, *Judge*: Petitioner Susan P. Kechijian seeks this Court's review, under section 6015(e),[1] of the denial by the Internal Revenue Service ("IRS") of her request for relief from joint and several liability for a federal income tax liability for 2004, a year for which she filed a joint return with her late husband.  This case is currently before the Court on Ms. Kechijian's motion for summary judgment under Rule 121, to which respondent, the Commissioner of Internal Revenue, filed a reply that we deemed a cross-motion for summary judgment.  We will grant respondent's motion and sustain the IRS's determination on grounds of res judicata.

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code ("the Code", Title 26 of the United States Code) as in effect at the relevant times; regulation references are to Title 26 of the Code of Federal Regulations ("Treas. Reg."), as in effect at the relevant times; and Rule references are to the Tax Court Rules of Practice and Procedure.

**[\*3]**                                    *Background*

The following facts are based on the parties' pleadings, motions for summary judgment, and declarations attached thereto, as well as the record of Ms. Kechijian's prior deficiency case (of which we take notice pursuant to Federal Rule of Evidence 201).[2]  Unless otherwise noted, these facts are not in dispute.  When Ms. Kechijian filed her petition, she resided in North Carolina.[3]

*2004 deficiency determination*

Arthur E. Kechijian and Susan P. Kechijian filed joint federal income tax returns for the years 2000 to 2004.  The IRS thereafter determined that Mr. Kechijian and his business partner, Larry E. Austin, failed to report income they had received in those years related to S corporation stock that they owned.  For purposes of the Commissioner's motion, we assume that Ms. Kechijian had no involvement in or knowledge of the unreported income and had no role in dealing with the IRS's audit.  The IRS then issued to both the Kechijians and the Austins (Larry Austin and his wife) notices of deficiency determining deficiencies in federal income tax and penalties for the years 2000 to 2004.

*Deficiency case*

In April 2010 both the Kechijians and the Austins timely petitioned this Court for redetermination of the deficiencies and related penalties.  The Austins' petition (Doc. 1 in No. 8966-10) and the Kechijians' petition (Doc. 1 in No. 8967-10) were both signed by Attorney Lynn F. Chandler as "Counsel for [the plural] Petitioners".  The cases were consolidated for briefing, trial, and opinion.

Mr. Kechijian died in September 2013, and in that month Ms. Kechijian made a motion: "Petitioner Susan P. Kechijian, through undersigned counsel, hereby moves this Court to substitute the personal

---

[2] The record of which we take notice consists of the Tax Court's record in *Estate of Kechijian v. Commissioner*, Docket No. 8967-10, which was consolidated with *Austin v. Commissioner*, Docket No. 8966-10, and was decided in *Austin v. Commissioner*, T.C. Memo. 2017-69, *aff'd sub nom. Est. of Kechijian v. Commissioner*, Docket No. 18-2277, 962 F.3d 800 (4th Cir. 2020), and the record of the Court of Appeals for the Fourth Circuit.

[3] Unless stipulated otherwise, venue for an appeal in this case would evidently be the U.S. Court of Appeals for the Fourth Circuit.  *See* § 7482(b).

[*4] representatives of the Estate of Arthur E. Kechijian, deceased, who are currently Susan P. Kechijian and Scott E. Hoehn, for Mr. Kechijian in his individual capacity." (Doc. 73 in No. 8967-10.) The "undersigned counsel" was again Attorney Lynn F. Chandler. The Court granted that motion, and Ms. Kechijian and Scott E. Hoehn, a senior employee of Mr. Kechijian's S corporation, began to represent Mr. Kechijian's estate.

In December 2013 the Court denied cross-motions for summary judgment that had been previously filed, *see Austin v. Commissioner*, 141 T.C. 551 (2013), and the parties thereafter conducted additional discovery. The trial took place in May 2015, more than a year and a half after Mr. Kechijian's death. Throughout the case petitioners' filings identified Attorney Lynn F. Chandler as counsel for all petitioners, including Susan Kechijian personally. Ms. Kechijian did not participate in the IRS Appeals process while this deficiency case was docketed; she did not participate in any pretrial meetings; she did not participate in settlement negotiations; she did not sign any court documents; and she did not otherwise participate at trial except sitting in the courtroom during trial. Regarding her participation in the deficiency case after the death of her husband, Ms. Kechijian stated in her declaration in the current case:

> After Art's death, his estate was substituted as a party and I was named again because I was a co-executor of Art's estate. However, I never participated[4] in the litigation in any way before or after Art's death. Scott Hoehn, my co-executor and the former Controller of UMLIC [an S corporation founded and directed by Mr. Kechijian and Mr. Austin], handled all aspects of the litigation with the law firm hired by my husband before his death, including pretrial meetings, discovery, settlement negotiations, and testifying at trial. I attended the trial and sat in the gallery as an observer, but I did not participate in the trial and provided no input whatsoever.

---

[4] As we explain below in Part I.A, we assume that Ms. Kechijian's allegations are true, for purposes of the Commissioner's motion for summary judgment; but under Rule 121(d), sentence 4, the facts that we assume here are the specific facts about the hiring of counsel, attendance at trial, providing input, and so forth, and not her broad generalization that she "never participated".

[*5] Similarly, Scott Hoehn, the co-executor of Mr. Kechijian's estate, stated in his declaration in the current case the following about Ms. Kechijian's participation in this deficiency case:

> After Art's death, I was substituted along with Susie as the Petitioner representing Art's estate. As a Co-Executor, . . . I assumed sole responsibility for communicating with counsel about the conduct of the Prior Litigation and did not consult with Susie or include Susie in those communications. Susie delegated all responsibility for the Prior Litigation to me as her Co-Executor because the issues involved UMLIC. Susie never had any involvement with UMLIC during her marriage to Art, and she lacked any knowledge or understanding of those issues.

For purposes of the Commissioner's motion, we accept the allegations of Ms. Kechijian and Mr. Hoehn.

In April 2017 this Court issued its opinion, determining no deficiencies for 2000 to 2003 but holding that both Mr. Kechijian and Mr. Austin had failed to include taxable compensation income for 2004 in their tax returns and sustaining the IRS's determination that both were also liable for accuracy-related penalties for 2004. *Austin*, T.C. Memo. 2017-69. Decisions were entered in August 2018.

Petitioners—i.e., Ms. Kechijian personally, Ms. Kechijian and Mr. Hoehn as representatives of the Estate of Arthur Kechijian, and the Austins—appealed this Court's decision to the U.S. Court of Appeals for the Fourth Circuit. The notice of appeal was filed in the Tax Court on behalf of all petitioners (including Ms. Kechijian personally) by Attorney Lynn F. Chandler; and Ms. Chandler (among others) filed in the Court of Appeals an "Appearance of Counsel Form" identifying herself as counsel for all petitioners, including "Susan Kechijian, individual[ly]". The appellate briefs show Ms. Chandler as lead counsel. In June 2020 the Fourth Circuit upheld this Court's judgment. *See Est. of Kechijian v. Commissioner*, 962 F.3d at 802.

However, innocent spouse relief for Ms. Kechijian under section 6015 was not an issue raised in the deficiency case—neither in this Court nor in the appeal.

**[\*6]** *Susan Kechijian's request for relief*

In June 2019 Ms. Kechijian filed with the IRS Form 8857, "Request for Innocent Spouse Relief", requesting relief from joint and several liability pursuant to section 6015(b), (c), and (f). Attorney Lynn F. Chandler signed the Form 8857 as "Preparer". For purposes of the Commissioner's motion, we assume that Ms. Kechijian's request for relief had merit. The IRS denied her request in November 2019, claiming that she did not meet the basic eligibility requirements.

*Innocent spouse case*

Ms. Kechijian then commenced this case by filing a Petition under section 6015(e) in February 2020, asking this Court to review the relief available to her under section 6015(b), (c), or (f). On December 8, 2021, Ms. Kechijian (through counsel) moved for summary judgment under Tax Court Rule 121, claiming (1) that she is entitled to relief under section 6015(b), (2) that she is entitled to elect relief under section 6015(c), and (3) that under section 6015(g)(2), she is not barred by res judicata from raising the innocent spouse relief in the current case because she did not meaningfully participate in the prior deficiency case. Regarding the lack of meaningful participation, Ms. Kechijian argues that her participation in the previous deficiency case was limited to being represented by her counsel and sitting in the gallery during the trial. Ms. Chandler, Ms. Kechijian's counsel in the previous deficiency case, also concurrently represented Mr. Kechijian and subsequently Mr. Kechijian's estate in that case, and she continues to represent Ms. Kechijian in this current case.

The Commissioner filed a response to Ms. Kechijian's motion for summary judgment. The Commissioner admits that, regarding the 2004 deficiency, Ms. Kechijian did not directly participate in the audit or in meetings with the IRS Office of Appeals, did not directly participate in pretrial meetings or discovery, did not directly participate in settlement discussions, did not personally sign any pleadings or other court documents, was not deposed, and was not called as a witness at trial. The Commissioner instead argues that petitioner, in her capacity both as a co-petitioner and as co-executor of Mr. Kechijian's estate, meaningfully participated in the prior deficiency case through her counsel and is now barred by res judicata from raising her current claim for innocent spouse relief. We issued an order deeming the Commissioner's response to be a cross-motion and allowing Ms. Kechijian to file a response.

**[*7]**                                    *Discussion*

I.      *General principles of law*

  A.      *Summary judgment*

  The purpose of summary judgment is to expedite litigation and avoid unnecessary trials. *Fla. Peach Corp. v. Commissioner*, 90 T.C. 678, 681 (1988). We may grant a motion for summary judgment when there is no genuine dispute of material fact and a decision may be rendered as a matter of law. Rule 121(b); *Elec. Arts, Inc. v. Commissioner*, 118 T.C. 226, 238 (2002).

  The moving party bears the burden of presenting evidence to "show that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law", Rule 121(b); and if the movant does so, then the opposing party "must set forth specific facts showing that there is a genuine dispute for trial", Rule 121(d). In determining the presence or absence of a genuine dispute, the Court will view factual materials and draw inferences in the light most favorable to the nonmoving party. *Dahlstrom v. Commissioner*, 85 T.C. 812, 821 (1985). As we consider the Commissioner's cross-motion for summary judgment, we therefore will draw inferences in favor of Ms. Kechijian.

  However, in doing so we keep in mind that the fourth sentence of Rule 121(d) obliges the non-moving party to "set forth specific facts" (in contrast to "mere allegations or denials"). Ms. Kechijian could not immunize herself from summary judgment by a general denial that she "participated meaningfully" under section 6015(g)(2) (discussed in Part II below) but rather must "set forth specific facts showing that" she did not participate meaningfully.

  B.      *Relief from joint and several liability*

  Section 6013(d)(3) provides that when married taxpayers file a joint federal income tax return, the tax is computed on their aggregated income, and their liability to pay the tax shown on the return or found to be owing is joint and several. *See also* Treas. Reg. § 1.6013-4(b). That is, each spouse is liable for the entire tax liability. Under section 6015, however, a taxpayer may seek relief from joint and several liability; and if the IRS determines not to grant such relief to a taxpayer, then section 6015(e) gives the taxpayer the right to petition this Court for review of that determination.

**[*8]** C.    *Res judicata*

Res judicata (Latin for "a thing adjudicated"), otherwise known as "claim preclusion", is an affirmative defense developed by the courts to bar repetitious suits on the same cause of action, and this doctrine is applicable to tax litigation.  As the Supreme Court explained:

> [W]hen a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." . . .
>
>    . . . .
>
> . . . Income taxes are levied on an annual basis.  Each year is the origin of a new liability and of a separate cause of action.  Thus if a claim of liability or non-liability relating to a particular tax year is litigated, a judgment on the merits is res judicata as to any subsequent proceeding involving the same claim and the same tax year.

*Commissioner v. Sunnen*, 333 U.S. 591, 597–98 (1948) (quoting *Cromwell v.  Cnty. Of Sac*, 94 U.S. 351, 352 (1876)). That is, each tax year is a separate cause of action, and res judicata makes truly final a final judgment for a particular tax year.  Where the cause of action of a taxpayer's liability in a given tax year has already been litigated, the parties may thereafter be barred from relitigating that liability— whether by reference either to a "matter which was offered" in that prior suit or to a "matter which might have been offered" in the prior suit— unless an exception to the doctrine of res judicata applies.

However, section 6015(g)(2), discussed below, creates an exception to res judicata in the case of an "innocent spouse" claiming relief from joint liability in a subsequent suit, where that spouse did not "participate[] meaningfully in such prior proceeding."

**[*9]** II. *Analysis*

  A. *Res judicata bars litigation of innocent spouse relief from the 2004 deficiency in this case.*

  Under the Supreme Court's explication of res judicata in *Sunnen*, this Court has required that four conditions be met to preclude the relitigation of a claim: (1) the parties in each action must be identical (or at least be in privity); (2) a court of competent jurisdiction must have rendered the first judgment; (3) the prior action must have resulted in a final judgment on the merits; and (4) the same cause of action or claim must be involved in both suits. *See Breland v. Commissioner*, 152 T.C. 156, 161 (2019); *Koprowski v. Commissioner*, 138 T.C. 54, 62 (2012); *see also Covert v. LVNV Funding, LLC*, 779 F.3d 242, 246 (4th Cir. 2015). If a party appeals this Court's decision to the appropriate Court of Appeals (as Ms. Kechijian did after the adverse decision in the previous deficiency case), then the judgment of that Court of Appeals shall be the final decision (unless the case is thereafter granted certiorari by the Supreme Court). *See* § 7481(a). "Once these conditions are met, each party is prohibited from raising any claim or defense that was *or could have been* raised as part of the litigation over the cause of action in the prior case." *Koprowski*, 138 T.C. at 62 (emphasis added). These four conditions are met here:

  First, in the prior deficiency proceedings, Ms. Kechijian was a petitioner in the Tax Court, and the Commissioner of Internal Revenue was the respondent; Ms. Kechijian was an appellant in the Fourth Circuit, and the Commissioner was the appellee. *See generally Austin*, T.C. Memo. 2017-69; *Est. of Kechijian v. Commissioner*, 962 F.3d 800. In this case Ms. Kechijian is again the petitioner, and the Commissioner is again the respondent. Thus, the parties are identical.

  Second, in the prior deficiency case, the Kechijians filed their deficiency suit in this Court, which is authorized under section 6213(a) to hear such suits. We had jurisdiction in that prior case to render judgment. The Fourth Circuit also had jurisdiction under section 7482 to review the decision rendered by this Court.

  Third, the deficiency case concluded with the entry of a decision on June 23, 2020, by the Fourth Circuit implementing our opinion filed on April 24, 2017. The Fourth Circuit's affirmance was the final judgment on the merits of the Kechijians' 2004 federal income tax liability, for which they are jointly and severally liable.

**[\*10]** Fourth, in the present case, Ms. Kechijian seeks innocent spouse relief from that very liability—i.e., the federal income tax liability for 2004—as to which the Fourth Circuit affirmed this Court's holding in the deficiency case that she was jointly and severally liable. The subject matter of the claims is thus identical.

Since these four conditions are present, relitigation of Ms. Kechijian's liability for the 2004 federal income tax deficiency is barred by res judicata unless she can invoke some exception to its application.

B.  *Ms. Kechijian has not shown that any exception to the doctrine of res judicata applies.*

1.  *The exception of section 6015(g)(2)*

Ms. Kechijian argues that, pursuant to section 6015(g)(2), res judicata does not bar her request for relief from joint liability under section 6015 because such relief was not an issue in the previous deficiency proceedings and she did not meaningfully participate in the previous proceedings. Section 6015(g)(2) provides:

> (2) Res judicata.—In the case of any election under subsection (b) or (c) or of any request for equitable relief under subsection (f), if a decision of a court in any prior proceeding for the same taxable year has become final, such decision shall be conclusive except with respect to the qualification of the individual for relief which was not an issue in such proceeding. The exception contained in the preceding sentence shall not apply if the court determines that the individual participated meaningfully in such prior proceeding.

Under this statute, to escape the effect of res judicata from prior litigation, Ms. Kechijian must show (1) that her innocent spouse claim "was not an issue" in the prior deficiency case and (2) that she did not "participate[] meaningfully" in the prior deficiency case. The Commissioner concedes that Ms. Kechijian did not raise the issue of innocent spouse relief in the previous deficiency case. Thus, the only question before us is whether she "participated meaningfully" in the previous deficiency case within the meaning of section 6015(g)(2).

**[\*11]**      2.      *Meaningful participation*

In an innocent spouse case, the requesting spouse ultimately bears the burden of proving that she did not participate meaningfully in the prior proceeding. *See Deihl v. Commissioner*, 134 T.C. 156, 162 (2010). In the context of summary judgment (explained in Part I.A above), she bears the simpler burden of setting forth specific facts to raise a "genuine dispute" on that issue. For the reasons we now explain, we hold that Ms. Kechijian fails to carry this burden.

a.      *Facts and circumstances*

The phrase "participated meaningfully" is not defined in section 6015(g)(2). This Court looks to the totality of the facts and circumstances to determine whether a taxpayer participated meaningfully in a prior proceeding. *See Harbin v. Commissioner*, 137 T.C. 93, 98 (2011); *Rogers v. Commissioner*, T.C. Memo. 2017-130, at \*13, *aff'd*, 908 F.3d 1094 (7th Cir. 2018). Particularly, this Court views the following factors as probative of meaningful participation: (1) exercising exclusive control over the handling of the prior proceeding; (2) having a high level of participation in the prior proceeding (e.g., signing court documents and participating in settlement negotiations); and (3) having the opportunity to raise a claim for relief from joint and several liability in the prior proceeding. *Harbin*, 137 T.C. at 98; *Rogers v. Commissioner*, T.C. Memo. 2018-53, at \*97–98, *supplemented by* T.C. Memo. 2019-61, *aff'd*, 9 F.4th 576 (7th Cir. 2021); *see also Haag v. Shulman*, 683 F.3d 26, 31 (1st Cir. 2012), *aff'g* T.C. Memo. 2011-87.

Citing a proposed regulation,[5] Ms. Kechijian stresses the following facts and circumstances: She did not participate in the IRS Appeals process while the deficiency case was docketed;[6] she did not

---

[5] Proposed Treasury Regulation section 1.6015-1(e)(3), 80 Fed. Reg. 72649, 72656 (Nov. 20, 2015), suggests a "nonexclusive list of acts to be considered", and Ms. Kechijian contends that consideration of those listed acts shows that she did not meaningfully participate in the prior deficiency case. As we have previously explained, proposed regulations do not have the force of law but rather "are merely suggestions made for comment. Proposed regulations 'carry no more weight than a position advanced on brief by the respondent.'" *Zinniel v. Commissioner*, 89 T.C. 357, 369 (1987) (citations omitted) (quoting *F.W. Woolworth v. Commissioner*, 54 T.C. 1233, 1265–66 (1970)). In this instance, however, the facts and circumstances suggested in the proposed regulation are consistent with the caselaw cited above.

[6] Ms. Kechijian alleges more broadly (and we assume) that she "did not participate in the IRS audit or Appeals process". But section 6015(g)(2) has us consider

**[\*12]** participate in any pretrial meetings; she did not participate in settlement negotiations; she did not sign any court documents; and other than sitting in the courtroom she did not participate at trial. All these facts are relevant, and we assume them to be true. Taken by themselves, they tend against a holding of meaningful participation.

### b. *Participation through counsel*

On the record before us, however, those facts and circumstances are overwhelmed by one additional fact: Ms. Kechijian had a lawyer who represented her throughout the prior proceeding and who, on her behalf, very meaningfully participated in that proceeding.[7] We have held that "[t]he fact that the taxpayer was represented by counsel and communicated with counsel at the prior proceeding is an indication of meaningful participation". *Rogers*, T.C. Memo. 2018-53, at \*97–98. Ms. Kechijian was the client of Attorney Lynn F. Chandler, who did participate in pretrial meetings and settlement negotiations, did sign and file court documents (including original and amended pleadings), and did argue before the Court and examine witnesses at trial. A lawyer who enters an appearance on behalf of a petitioner thereafter acts for and on behalf of the petitioner. When a petitioner is represented by counsel, the acts of counsel fulfill the obligations of the petitioner as litigant. We do not disregard the acts of the attorney in order to conclude (under Rule 123(a)) that the "party has failed to plead or otherwise proceed" or to conclude (under Rule 123(b)) that there has been a "failure of a petitioner properly to prosecute". On the contrary, the represented petitioner does adequately "proceed" and does "properly . . . prosecute" her case by hiring a lawyer who fulfills her obligations.

The "participated meaningfully" standard of section 6015(g)(2) cannot be reasonably construed to always require direct and immediate

---

her participation "in such prior proceeding", i.e., a "proceeding" in which there was "a decision of a court". Her non-involvement in the administrative audit or Appeals process is not directly relevant. The proposed regulation (which is not binding, *see supra* note 5) does reasonably include, in its "list of acts to be considered", "[w]hether the requesting spouse participated in the IRS Appeals process *while the prior proceeding was docketed*", Prop. Treas. Reg. § 1.6015-1(e)(3), 80 Fed. Reg. at 72656 (emphasis added), since that activity before Appeals in a docketed case can be viewed as a sort of adjunct to the Tax Court proceeding.

[7] As Ms. Kechijian acknowledges, the proposed regulation that she cites does include, on its "list of acts to be considered", "whether the requesting spouse was represented by counsel in the prior proceeding". Prop. Treas. Reg. § 1.6015-1(e)(3), 80 Fed. Reg. at 72656.

**[\*13]** participation by the petitioner herself as opposed to participation by the petitioner's lawyer retained for that purpose. It seems impossible that Congress could have intended the perverse and even absurd results of such a construction. If participating indirectly through counsel could not constitute meaningful participation, then a deficiency petitioner with a potential claim under section 6015 could sometimes exempt herself from res judicata by retaining counsel to handle her deficiency case, deliberately refraining from raising that claim in the deficiency case, and then, if she lost that deficiency case, getting a second bite at the apple by raising her section 6015 claim in an innocent spouse case under section 6015(e).[8]

We conclude that section 6015(g)(2) certainly contemplates that participation through counsel in a prior proceeding can constitute meaningful participation that triggers res judicata and bars a subsequent innocent spouse case.

### c. *Potential non-meaningful participation despite having counsel*

Being represented by counsel in a prior proceeding is a fact showing participation, but it is not the only relevant fact, and there can be circumstances in which a taxpayer who was a co-petitioner represented by counsel in a deficiency case nonetheless did not meaningfully participate in that case. In *Deihl*, we held that a taxpayer who (with her husband) was represented by counsel in prior consolidated deficiency cases did not participate meaningfully in those cases. *Deihl*, 134 T.C. at 165. The taxpayer did not sign any court documents or review the petition or the stipulations of facts in the prior cases. *Id.* at 163–64. The attorneys jointly representing the taxpayer and her husband did not discuss these documents with the taxpayer. *Id.* at 164. The taxpayer did not meet with any IRS personnel or participate in any of the settlement negotiations. *Id.* Although the taxpayer in *Deihl* testified briefly at trial in the deficiency cases, we concluded that she testified "more like a third-party fact witness than a participating litigant", and that the taxpayer's husband "controlled the litigation . . .

---

[8] The record before does not suggest any such cynical calculation by Ms. Kechijian, and we assume there was none. But it might often be true that a spouse who hopes she and her husband will prevail in disproving a deficiency, but who also has a potential innocent spouse claim, would prefer not to undermine her husband's credibility in the deficiency case by proving herself to have been an innocent spouse—and him guilty.

**[\*14]** until his death" after the trial had been concluded and the Tax Court had issued its opinion. *Id.* at 165.

In *Harbin*, the ex-husband (Mr. Harbin) was the spouse requesting relief under section 6015, and the ex-wife (Ms. Nalls) was the non-requesting spouse and intervenor. The record showed that Ms. Nalls exercised "exclusive control over the prior deficiency case", *Harbin*, 137 T.C. at 98, and that Mr. Harbin did not sign any court documents other than the petition and the amended petition, *see id.* at 94, 99. Moreover, Mr. Harbin's innocent spouse relief claim was directly in conflict with the interest of Ms. Nalls, but their joint attorney, who represented both Mr. Harbin and Ms. Nalls, neither obtained Mr. Harbin's written consent waiving the conflict of interest nor even disclosed this conflict to Mr. Harbin but "proceeded with the joint representation despite the conflict of interest". *Id.* at 99. We held that Mr. Harbin did not participate meaningfully in the previous case because the attorney's concurrent representation of the two former spouses, whose interests were adverse, "obscured and obstructed" Mr. Harbin's opportunity to raise a claim for relief under section 6015. *See id.*

Thus, it is possible that a petitioner in a deficiency case who is represented by an attorney in that case nonetheless does not participate meaningfully in that case—depending on other facts and circumstances.

        d.    *Ms. Kechijian's meaningful participation through counsel*

The other facts and circumstances present in *Deihl* and *Harbin* that disproved "meaningful" participation through counsel in those cases are not shown or alleged here. The most significant distinction between those cases and this one is that here Mr. Kechijian had died a year and a half before the trial in this case. He was not able thereafter to restrict Ms. Kechijian's pursuit of her interests and, in particular, her pursuit of a claim under section 6015. She was no longer under the shadow of Mr. Kechijian but rather was in a position to control the litigation however she wished—both as a petitioner in her own right and as the co-executor of Mr. Kechijian's estate.

As to her co-executor, Mr. Hoehn, we assume it is true, as Ms. Kechijian alleges, that only he and not she gave instructions to counsel for the handling of the deficiency case after Mr. Kechijian's death. However, that was by Ms. Kechijian's choice. As Mr. Hoehn

[*15] explains, "Susie delegated all responsibility for the Prior Litigation to me as her Co-Executor". This may well have been a sensible decision on Ms. Kechijian's part, and it freed her from actually having to make decisions about the litigation; that is, the manner in which she decided to participate in the case was by delegation to Mr. Hoehn and to her lawyer, Ms. Chandler.

Unlike the petitioner in *Deihl*, Ms. Kechijian had unrestricted control over the prior deficiency case after Mr. Kechijian passed away in September 2013—both as a co-petitioner personally and as a representative of Mr. Kechijian's estate. We ruled for the requesting spouse in *Deihl* because the requesting spouse's low level of participation in the prior case was the result of the non-requesting spouse's controlling the litigation. That is not the case here. Mr. Kechijian may have controlled the proceedings before his death, but once he died and Ms. Kechijian was named the co-executor of his estate, Ms. Kechijian's husband was no longer controlling the case.

Unlike the petitioner in *Harbin*, Ms. Kechijian has made no showing or allegation that the Kechijians' joint attorney failed to disclose any conflict of interest and proceeded with the joint representation in the presence of such a conflict. In fact, Ms. Kechijian's declaration submitted in support of her motion for summary judgment makes no allegation whatever as to any communication or lack of communication between her attorney and herself about her interests. She makes no comment about any respect in which the joint representation obscured or obstructed her attorney's attention to her interests in the prior case, and she retained that same attorney to represent her in this case. Thus, she does not articulate any reason to conclude that she did not meaningfully participate through her attorney even *before* Mr. Kechijian's death; and after his death, she had no possible competition for her attorney's attention and loyalty. She was in control as much as she chose to be.

Therefore, even though it is undisputed that Ms. Kechijian only sat in the gallery during the trial in the prior deficiency case, she has not alleged or shown that this was the result of her counsel's and co-executor's excluding her from participating in that case. Without evidence supporting such an exclusion, we can only conclude that Ms. Kechijian's low level of visible participation in the prior case was due to her deliberate delegation of her responsibility in that case to her attorney and her co-executor. Such delegation does not establish that Ms. Kechijian did not meaningfully participate in the prior deficiency

**[\*16]** case; to the contrary, it shows that Ms. Kechijian could have raised the issue of innocent spouse relief in the prior deficiency case—but she did not. Therefore, she does not qualify for the exception in section 6015(g)(2), and in this case she is not excepted from the application of res judicata to the issue of innocent spouse relief from joint and several liability.

Because res judicata bars Ms. Kechijian from relitigating her joint and several liability for the 2004 federal income tax that she already litigated in the prior deficiency case, we will deny Ms. Kechijian's motion for summary judgment, will grant the Commissioner's cross-motion for summary judgment, and will sustain the IRS's determination to deny Ms. Kechijian relief under section 6015 from joint and several liability for the 2004 deficiency and the accuracy-related penalty.

To reflect the foregoing,

*An appropriate order and decision will be entered.*